■ LINDA VARRIALE, Respondent, v FRANK A. VARRIALE, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Ford, J.), entered September 23, 1988 in Saratoga County, which, inter alia, denied defendant's cross motion to vacate the stipulation entered into between the parties.

The parties were married on September 25, 1971 and divorced by a judgment entered on January 11, 1988. There is one child of the marriage, a son born in September 1975. On August 17, 1987, in an open-court stipulation on the record reached after negotiations and agreement, the parties settled the action agreeing to an uncontested divorce, maintenance of $100 per week to plaintiff for life or to terminate upon her remarriage, custody of the child with plaintiff, child support of $75 per week and health insurance, visitation on certain weekdays, and plaintiff's waiver of her claims to defendant's pension rights. The parties confirmed their stipulated agreement by separately executing a written acknowledgement before their respective attorneys some three months later. This written instrument adopted the oral stipulation by reference and states that the parties "agree that this stipulation is fair and equitable". The agreement provided for its incorporation into, but survival from, the divorce judgment. The stipulation was thereafter incorporated by reference into the judgment of divorce. Supreme Court denied defendant's cross

motion to vacate the stipulation, from which order this appeal ensued.

Defendant contends, in light of his $75 per week child support obligation (which continues to September 1996 absent an earlier emancipation), his 1987 gross earned income of $28,862, and his tax and railroad retirement requirements, that maintenance for life (or earlier remarriage) of $100 per week is substantively unconscionable when considered against plaintiff's age of 37, her high school education, secretarial training and good health. Defendant alleges that at the time of the stipulation, plaintiff was capable of becoming self-supporting and that neither party made complete financial disclosure, i.e., defendant, relevant to his cost of living in the Boston area, and plaintiff, relevant to her ability to be self-supporting. Defendant also alleges procedural unconscionability arising out of Supreme Court's refusal to answer his question concerning visitation during the oral stipulation. However, defendant does not deny that he had an aside with his attorney on the issue nor does he indicate the specifics of the inquiry.

The record reveals that on the scheduled trial date after extensive negotiation, the parties, both represented by legal counsel, stipulated to the terms of settlement and that some three months later, with advice of counsel, both confirmed the stipulation in writing (see, Beutel v Beutel, 55 NY2d 957). The Court of Appeals in Christian v Christian (42 NY2d 63, 71-72) stated: "Judicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions. Furthermore, when there has been full disclosure between the parties, not only of all relevant facts but also of their contextual significance, and there has been an absence of inequitable conduct or other infirmity which might vitiate the execution of the agreement, courts should not intrude so as to redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided."

Defendant has not alleged any inequitable conduct on the part of plaintiff, or any substantive misunderstanding of the factual situation of either his or his wife's circumstances. Nor do we find manifest unfairness in long-term maintenance where one party has gained significant job experience and seniority while the other party was withdrawn from the job

market to perform the traditional role of family homemaker during the course of the marriage. There is nothing to suggest that plaintiff could match defendant's earnings. The record reveals that plaintiff and her son had been on welfare shortly after the commencement of the action. While the agreement is arguably quite favorable to plaintiff, it is neither facially irregular nor unconscionable as that term is defined (see, Christian v Christian, supra, at 71). The permanent nature of the maintenance appears clear in the stipulation. Defendant's conclusory allegation that he was unaware of the full implication of the judgment of divorce is simply not supported by facts in the record.

Defendant further contends error on the part of Supreme Court in its refusal to modify his child visitation rights on the ground of unconscionability. While defendant may have valid grounds for a current modification of visitation arising from a change in circumstances such as his move to a new residence, his remarriage and the child's maturing age, Supreme Court did not abuse its discretion by referring that issue to Family Court.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.