██ THEODORE W. SPRINGER, Respondent, v COLLEEN GRATTAN-ARNOFF, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action to set aside a stipulation dated August 16, 1985, which modified a separation agreement between the parties, on the ground that his assent to the stipulation was not voluntary but the result of undue influence, fraud and overreaching on the part of defendant and another person. Defendant interposed an answer containing several affirmative defenses, deposed plaintiff and thereafter moved for summary judgment. Supreme Court denied defendant's motion on the ground that an issue of fact existed whether the stipulation "was fair and free from overreaching". We reverse, grant defendant's motion and dismiss the complaint.

Defendant demonstrated her entitlement to judgment as a

matter of law by the submission of evidentiary proof in admissible form. Pursuant to the terms of the stipulation, plaintiff agreed to accept $12,500 and a reduction in his child support obligations in consideration for the transfer of his interest in the former marital residence to defendant. Here, it cannot be said that the terms of the stipulation are manifestly unfair or that they would permit an inference of overreaching *(see, Christian v Christian,* 42 NY2d 63, 71-73). While the courts will examine carefully the circumstances surrounding the execution of a separation agreement between spouses, plaintiff may not defeat defendant's entitlement to summary judgment by the tender of conclusory or unsubstantiated allegations that his approval of the stipulation was occasioned by the "pressure" or "badgering" of defendant or another person acting on her behalf *(see, McGahee v Kennedy,* 48 NY2d 832, 834). (Appeal from Order of Supreme Court, Suffolk County, Doyle, J.—Summary Judgment.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.