■ VIOLA M. DAYTON, Respondent, v FRANK F. DAYTON, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 15, 1990 in Ulster County, upon a decision of the court in favor of plaintiff.

At the time of the commencement of the underlying divorce action in the fall of 1982, defendant was employed as vice-president of New York Dock in Brooklyn at a salary of approximately $54,000 per year. Plaintiff was not employed outside the home. During the pendency of the action, defendant lost his job and his attorney notified plaintiff of this fact. Thereafter, the parties entered into a stipulation of settlement in which plaintiff was awarded all of the marital property. This property included the marital residence worth approximately $100,000, IBM stock worth approximately $17,280 and bank accounts worth approximately $11,000. In response to plaintiff's request for $500 weekly maintenance, Supreme Court ordered defendant to pay $200 per week until plaintiff's death or remarriage. A judgment of divorce, which incorporated the terms of the stipulation, was subsequently entered. At a later date plaintiff learned that defendant had regained employment and was so employed at the time of the stipulation, at an annual salary of $53,000, a fact he did not disclose.

Plaintiff commenced this action to set aside the entire stipulation of settlement on the ground that it had been fraudulently induced. Defendant interposed an answer and a nonjury trial was conducted on this issue. Supreme Court determined that defendant had fraudulently misrepresented

his employment situation and modified the stipulation by increasing the maintenance provision to $300 per week, retroactive to the date of the stipulation. Defendant appeals.

A divorce settlement tainted by fraud is void *ab initio* (*Angeloff v Angeloff*, 56 NY2d 982). However, nondisclosure is not the equivalent of fraud. "[A] husband's failure or refusal to disclose his financial circumstances when the agreement is executed is not sufficient to void an agreement fair on its face, particularly when the wife was represented by counsel during the negotiations and execution" (*Martin v Martin*, 74 AD2d 419, 424). The record reveals that the stipulation was entered into between the parties on April 22, 1983. Although defendant contends he was not reemployed as late as February 24, 1983, there is record support for the fact that he was reemployed at the time of the stipulation. Contrary to the conclusion reached by Supreme Court, we find that defendant's conduct amounted to nondisclosure rather than fraud. Plaintiff received all of the marital property of this 36-year marriage, amounting to approximately $128,300, in addition to maintenance of $200 per week, and plaintiff's testimony suggests that she did not expect defendant to remain permanently unemployed. The record does not support a finding that plaintiff, who was represented by counsel, was induced to enter into the agreement by defendant's failure to disclose his employment status. As to the issue of overreaching, the agreement is not manifestly unfair (*see, Gorman v Gorman*, 87 AD2d 674). In the absence of any basis for setting aside the maintenance provisions of the stipulation, the judgment should be reversed and the complaint dismissed.

Mahoney, P. J., Weiss, Levine and Mercure, JJ., concur. Ordered that the judgment is reversed, on the facts, without costs, and complaint dismissed.