■ VIRGINIA PAUL, Appellant, v WERNER H. PAUL, Respondent.—Crew III, J. Appeal from a judgment of the Supreme Court (White, J.) granting, *inter alia,* plaintiff a divorce, entered September 4, 1990 in Fulton County, upon a stipulation of settlement.

The parties were married in September 1963. Plaintiff commenced an action for divorce against defendant in July 1986. On July 28, 1987, after lengthy negotiations, the parties entered into a stipulation of settlement in open court and acknowledged in writing an agreement which adopted their stipulation that would be incorporated, not merged, into a judgment of divorce. The major provisions of the stipulation provided that defendant would pay child support of $200 per week for the parties' two children; defendant would administer custodial accounts established for the children's benefit; the real property owned by the parties would be sold and the proceeds divided equally between them; and defendant's pension rights would be divided pursuant to *Majauskas v Majauskas* (61 NY2d 481). Subsequently, in June 1989, plaintiff moved to set aside the stipulation on the ground that it was fraudulently induced. Based upon the conflicting affidavits of the parties, Supreme Court ordered them to submit to a deposition and provide the court with the transcript. After consideration of the deposition testimony, Supreme Court denied plaintiff's motion. Thereafter, the court granted plaintiff a judgment of divorce which incorporated the stipulation. This appeal by plaintiff ensued.

Generally, stipulations of settlement are favored by the courts and will not be set aside in the absence of fraud or overreaching *(see, Matter of Galasso,* 35 NY2d 319, 321). Moreover, it has been held that nondisclosure is not the equivalent of fraud *(see, Dayton v Dayton,* 175 AD2d 427).

Plaintiff contends that she was fraudulently induced into the stipulation of settlement because she had no knowledge of a Keough account in the amount of $2,900 in defendant's name, assets held by defendant for the benefit of their children and a $12,000 certificate of deposit in defendant's name. Additionally, she contends that defendant listed his salary as $40,000 in 1986 when in actuality it was $41,465. First, upon review of the record, it is clear that plaintiff was aware that her husband held assets for the benefit of their children. Second, the parties' stipulation provided for distribution of

defendant's pension rights and included the funds in the Keough account even though not specifically disclosed. Third, the certificate of deposit did not exist when defendant prepared his net worth statement because it had been used to repay a loan and plaintiff was aware of that fact. Finally, Supreme Court found, and we agree, that the discrepancy between defendant's actual and reported income for 1986 was minimal and without significance.

The record reveals that there were lengthy negotiations between the parties, both parties were represented by legal counsel, and the parties stipulated to their settlement in open court and confirmed the stipulation in writing. The record does not support a finding that plaintiff, who was represented by counsel, was induced to enter into the stipulation of settlement based upon fraud. Contrary to her contentions, the record demonstrates that plaintiff was aware of most of the items about which she claimed a lack of knowledge and where she lacked knowledge, defendant disclosed such items. A review of the stipulation of settlement reveals that it is neither facially irregular nor unconscionable. Based upon our review of the record, we conclude that plaintiff's contentions are insufficient to vacate the parties' stipulation of settlement (see, Matter of Galasso, supra; Dayton v Dayton, supra; Varriale v Varriale, 160 AD2d 1121).

Plaintiff's remaining contention, that Supreme Court improperly denied her motion to set aside the stipulation of settlement without a hearing, is meritless. The parties engaged in lengthy negotiations leading to the stipulation of settlement and plaintiff accepted the benefits thereof for almost two years before making her motion. The terms of the stipulation were fair and unambiguous and plaintiff's conclusory allegations of fraud and nondisclosure were insufficient to warrant a hearing (see, Patti v Patti, 146 AD2d 757).

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed, with costs.