■ JAMES GLASS, Appellant, v KATHY GLASS, Respondent.— In an action to impose a constructive trust on certain real property owned by the defendant, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), dated May 10, 1990, which granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

"[A] party to a concluded matrimonial action, who had a full and fair opportunity to contest title to the former marital home, is barred by res judicata principles from subsequently and separately reopening that issue" (Boronow v Boronow, 71 NY2d 284, 286). We disagree with the plaintiff's contention that in his prior unsuccessful matrimonial action he was denied a full and fair opportunity to litigate his claim that a constructive trust should be imposed on the marital residence. Under the circumstances, this plenary action to adjudicate the issue of title to the marital residence, which could have been, but was not litigated in the prior matrimonial action, is barred (see, Boronow v Boronow, supra; Rakowski v Rakowski, 109 AD2d 1; see also, Brady v Brady, 101 AD2d 797, affd 64 NY2d 339; Stepakoff v Stepakoff, 96 AD2d 1097). Bracken, J. P., Sullivan, Balletta and Copertino, JJ, concur.