█ JOHN H. LAVELLE, Appellant, v JANE M. LAVELLE, Respondent.—Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered August 14, 1991 in Rockland County, which granted defendant's motion for summary judgment.

Plaintiff brought this action to rescind or reform the parties' October 31, 1987 separation agreement because of the instrument's "basic inequities" and defendant's alleged fraud and overreaching in its procurement. Defendant counterclaimed for unpaid maintenance in the amount of $300 per month for March 1990 and each month thereafter. Supreme Court granted defendant's motion for summary judgment dismissing the complaint and for the amount demanded on her counterclaim, and plaintiff now appeals.

We affirm. Initially, the fact that plaintiff was not represented by an attorney in connection with the execution of the separation agreement is not of itself a sufficient basis to invalidate it (see, Chauhan v Thakur, 184 AD2d 744, 745; Zambito v Zambito, 171 AD2d 918, 919, appeal dismissed 78 NY2d 1125). Notably, the agreement recites that plaintiff was advised to and made a conscious decision not to seek the assistance of an attorney to represent him in connection

therewith, that plaintiff had no contact with defendant's counsel and, in fact, that plaintiff would not seek to set aside the terms and conditions of the separation agreement on the basis that he was unrepresented by counsel *(see, supra)*. The further contentions that defendant did not understand the terms of the agreement and was unaware of the value and extent of the parties' assets are similarly refuted by the instrument's specific terms. Also unavailing are the claims that plaintiff only entered into the agreement to show his love and commitment to defendant *(see, Groper v Groper,* 132 AD2d 492, 497) and the wholly conclusory and unsubstantiated allegation that his psychological problems rendered him incapable of making a rational decision *(see, Springer v Grattan-Arnoff,* 172 AD2d 1084, 1085). Moreover, by accepting the benefit of the agreement and not bringing suit for 31 months, plaintiff is deemed to have ratified it *(see, Bonem v Garriott,* 159 AD2d 206, 207; *Groper v Groper, supra,* at 495-496). Finally, the separation agreement is by no means unconscionable *(see, Christian v Christian,* 42 NY2d 63, 71-73).

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.