■ RICHARD L. MORRIS, Appellant, v MARY P. MORRIS, Respondent. [613 NYS2d 465] —Crew III, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered September 29, 1993 in Chemung County, which, inter alia, vacated a judgment of divorce, and (2) from an order of said court, entered September 29, 1993 in Chemung County, which, upon

reconsideration, adhered to its prior decision vacating the judgment of divorce.

Plaintiff commenced this action for divorce and equitable distribution of the marital property. After issue was joined and discovery had, the parties appeared in Supreme Court for trial. At that time the parties, in open court, entered into a stipulation regarding the distribution of the marital assets, plaintiff consented to a default divorce against him and an opting out agreement was signed. Supreme Court signed a judgment of divorce on December 9, 1992, into which the stipulation was incorporated but not merged, and which provided, *inter alia,* that Supreme Court retained jurisdiction of the matter for the purpose of enforcing the provisions of the stipulation. Thereafter, plaintiff moved for specific enforcement of the stipulation and defendant moved for modification of the stipulation and specific enforcement thereof as modified. Supreme Court, finding that the judgment of divorce "was granted upon the fraud of the parties inasmuch as neither obviously intended to carry out the agreed to terms of the stipulation", denied both motions and, *sua sponte,* vacated the divorce and restored the case to the trial calendar. Upon reconsideration the court adhered to its decision. Plaintiff appeals.

A stipulation entered into in open court should not be lightly set aside particularly where, as here, counsel for both parties were present and the parties negotiated the terms of the agreement *(see, e.g., Cantamessa v Cantamessa,* 170 AD2d 792, 793). Of course, a stipulation in a matrimonial action may be set aside "where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident" *(Barzin v Barzin,* 158 AD2d 769, 770, *lv dismissed* 77 NY2d 834). There is no evidence in the record indicating that the stipulation was the result of overreaching or that its terms were unconscionable or were the result of fraud, collusion or mistake. Indeed, both parties sought enforcement of the stipulation. Under these circumstances, Supreme Court erred in vacating the judgment of divorce and setting aside the stipulation.

As to plaintiff's application for specific enforcement of the stipulation, while the terms of the settlement are clearly defined in the record, some of the marital assets have not been valued making it impossible for this Court to enforce the stipulation. Accordingly, this matter must be remitted to

Supreme Court for further computation of the value of the marital assets.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.