■ VALERIE A. BOYLE, Appellant, v LORETTA D. BURKICH et al., Respondents. [665 NYS2d 104] —White, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered May 24, 1996 in Warren County, which granted defendant Loretta D. Burkich's motion to dismiss the complaint against her for failure to state a cause of action, and (2) from an order of said court, entered January 3, 1997 in Warren County, which granted defendant Leo E. Boyle's motion for summary judgment dismissing the complaint against him.

Plaintiff and defendant Leo E. Boyle were married in August 1974. In January 1994, plaintiff and Boyle entered into a contract with defendant Loretta D. Burkich to act as a mediator to assist the couple in reaching a consensual separation agreement. The agreement with Burkich stated that she would not provide legal advice but would act as a neutral facilitator, and that the couple should retain independent counsel. Significantly, plaintiff continued with the mediation even though she was aware of the fact that Burkich's daughter was involved in a relationship with Boyle at the time.

In March 1994, plaintiff and Boyle entered into a separation agreement that was incorporated, but not merged, into their decree of divorce dated September 1994. The separation agreement acknowledged that the couple had made independent inquiry into the complete financial circumstances of the other and that both had made full financial disclosure. In addition, the agreement acknowledged that both had retained legal counsel and had a reasonable opportunity to confer with them before entering into the agreement.

Nearly two years after the execution of the separation agreement, plaintiff commenced this action to set aside the agreement alleging, inter alia, that defendants engaged in fraud by acting in concert with one another to prevent full disclosure of Boyle's assets and income and, in addition, that Burkich negligently advised plaintiff and breached her contract with plaintiff. In March 1996, Burkich moved to dismiss the complaint on the ground that it failed to state a cause of action against her and Supreme Court granted the motion. Thereafter, Supreme Court granted a motion for summary judgment by Boyle, likewise finding that plaintiff's complaint failed to state a cause of action. Plaintiff appeals from both orders.*

We agree that the causes of actions contained in plaintiff's

---

* This Court granted plaintiff's motion to consolidate the two appeals.

complaint were properly dismissed. In order to state a cause of action based on fraud, there must be detailed factual allegations supporting the claim (*see*, CPLR 3013, 3016 [b]; *Lotz v Lotz*, 135 AD2d 1007, 1008, *appeal dismissed* 71 NY2d 1012; *Van Wie v Van Wie*, 124 AD2d 353, 355). The allegations of plaintiff's complaint fail to plead a cause of action for fraud with specific particularity since her conclusory allegations, unsupported by any facts, are insufficient to demonstrate the claimed fraud (*see*, *Greschler v Greschler*, 51 NY2d 368, 375; *Vermilyea v Vermilyea*, 224 AD2d 759, 761).

Further, the record reveals that plaintiff was represented by counsel before executing the separation agreement (*see*, *Paul v Paul*, 177 AD2d 901, 902, *lv denied* 79 NY2d 756; *Dayton v Dayton*, 175 AD2d 427, 428, *lv denied* 78 NY2d 863) and she acknowledged that there had been an investigation into and full disclosure of Boyle's financial circumstances (*see*, *Lavelle v Lavelle*, 187 AD2d 912, 913; *see also*, *Torsiello v Torsiello*, 188 AD2d 523, 524). Although plaintiff bases her assertion of fraud on the fact that Boyle and Burkich's daughter were involved in an intimate relationship, plaintiff continued with the mediation proceedings despite her knowledge of this relationship (*see generally*, *Paul v Paul*, *supra*, at 902). We also note that plaintiff received the benefit of the agreement for nearly two years and is deemed to have ratified the agreement by her actions (*see*, *e.g.*, *Beutel v Beutel*, 55 NY2d 957; *Lavelle v Lavelle*, *supra*; *Weinstein v Weinstein*, 109 AD2d 881, 882).

Therefore, defendants' respective motions to dismiss were properly granted.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.