■ ANN ROTH, Formerly Known as ANN EVANGELISTA, Appellant, v LOUIS EVANGELISTA, Respondent. (Action No. 1.) ANN EVANGELISTA, Now ANN ROTH, Appellant, v LOUIS EVANGELISTA, Respondent. (Action No. 2.) [669 NYS2d 644] —In a matrimonial action in which the parties were divorced by judgment dated March 16, 1995, and an action to appoint a receiver for the property of the defendant and for an accounting, the plaintiff former wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 22, 1996, as granted the defendant former husband's renewed motion for DNA/HLA blood testing, to determine whether he is the biological father of the parties' son, and (2) stated portions of a judgment of the same court, entered April 22, 1997, which, after a hearing, *inter alia,* set aside a stipulation of settlement dated October 31, 1994, and failed to direct the defendant to provide an automobile to the plaintiff pursuant to the terms of the stipulation.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the first, second, third, and fourth decretal paragraphs thereof, and (2) by adding thereto a provision directing the defendant to provide the plaintiff with an automobile in accordance with the stipulation of settlement dated October 31, 1994; as so modified, the judgment is affirmed insofar as appealed from, and the order dated November 22, 1996, is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the actions (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

There was insufficient evidence in the record to show that the stipulation was the result of overreaching or that its terms were unconscionable or were the result of fraud, collusion, or mistake (*see, Morris v Morris,* 205 AD2d 914, 915). Further, we conclude that the Supreme Court's conclusion that the defendant was incompetent to enter into the stipulation is contrary to the weight of the credible evidence (*see, Smith v Comas,* 173 AD2d 535). The evidence that the defendant was under the

influence of methadone at the time he executed the stipulation consisted of the defendant's own testimony, which was internally inconsistent, and was refuted in part by his own doctor. Indeed, both parties were represented by counsel, and had sufficient time to deliberate over the stipulation.

With respect to fraud, the defendant introduced the results of the blood tests, indicating a high probability that the parties' son was not the defendant's biological child. The order dated November 22, 1996, granting the defendant's renewed motion to compel these blood tests, was granted only on condition that the defendant provide the child with financial support. However, the blood tests which had the potential to brand the child illegitimate without settling the issue of paternity was clearly not in the best interest of the child, which is a paramount concern in such cases (*see, Fung v Fung,* 238 AD2d 375; *David L. v Cindy Pearl L.,* 208 AD2d 502). In the order dated November 22, 1996, the court only took into account the child's financial interests, without the benefit of input from a Law Guardian representing the child's remaining interests (*see, Matter of Richard W. v Roberta Y.,* 212 AD2d 89). Further, the defendant offered no plausible excuse for waiting nearly three years to make the renewed motion, or for failing to submit the information presented on the instant application on a prior application for the same relief, which was denied (*see, Foley v Roche,* 68 AD2d 558, 568). Accordingly, the renewed motion was improperly granted, and the evidence derived from the blood tests was improperly before the court.

Under these circumstances, the Supreme Court erred in rescinding certain terms of the stipulation. Additionally, pursuant to the stipulation, the defendant should provide the plaintiff with a safe and reliable automobile.

Furthermore, the court did not improvidently exercise its discretion in denying both parties' requests for counsel fees (*see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *O'Brien v O'Brien,* 66 NY2d 576, 590). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.