■ SUSAN J. PINKHAM, Appellant, v ARTHUR A. PINKHAM, Respondent. [766 NYS2d 919] —Mercure, J.P. Appeal from an order of the Supreme Court (Teresi, J.), entered August 21, 2002 in Albany County, which denied plaintiff's motion to vacate the stipulation of settlement and judgment of divorce.

In February 2002, the parties to this divorce action entered into a stipulation, in open court, regarding maintenance and the distribution of marital property. After consulting privately with her attorney, plaintiff stated on the record that she had ample opportunity to discuss the terms of the stipulation with her attorney, understood its terms and agreed to the stipulation voluntarily. Defendant then consented to a default divorce judgment and the parties signed an opting out agreement. The stipulation was incorporated but not merged into the parties' judgment of divorce.

Thereafter, plaintiff moved by order to show cause to vacate the stipulation and judgment of divorce, alleging that she was not in control of her "mental faculties" when she entered into the stipulation due to her overwhelming fear of defendant. Supreme Court denied the motion and plaintiff appeals.

Stipulations of settlement made in open court are favored and will "not be lightly set aside particularly where, as here, counsel for both parties were present and the parties negoti-

ated the terms of the agreement" (*Morris v Morris,* 205 AD2d 914, 915 [1994]; *see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Carnicelli v Carnicelli,* 300 AD2d 1093, 1093-1094 [2002]). Thus, a stipulation of settlement will be set aside only " 'where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident' " (*Batson v Batson,* 277 AD2d 750, 751 [2000], quoting *Barzin v Barzin,* 158 AD2d 769, 770 [1990], *lv dismissed* 77 NY2d 834 [1991]; *see Hallock v State of New York, supra* at 230). Plaintiff's claims of duress are belied by her unequivocal agreement to the stipulation in open court, following repeated private consultations with her attorney regarding the terms. Further, the record does not contain sufficient evidence to support a claim of fraud, collusion, mistake or accident. We have considered plaintiff's remaining arguments, including her assertion that the terms of the stipulation are unfair, and find them to be lacking in merit.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.