■ HELEN B. EICKHOFF, Appellant, v JOHN B. EICKHOFF, Respondent. [783 NYS2d 482]—

Mugglin, J. Appeal from an order of the Supreme Court (Lebous, J.), entered March 17, 2003 in Broome County, which, inter alia, granted defendant's motion to dismiss the complaint.

In this action, plaintiff seeks to impose a constructive trust on defendant's music business and two duplex apartments. Supreme Court, finding that the issues were fully litigated in the parties' 1998 matrimonial action, dismissed the complaint as barred by the doctrine of res judicata. Plaintiff appeals.

We affirm. Where a party to a concluded matrimonial action was afforded a full and fair opportunity to contest title and distribution of marital assets, the principles of res judicata, or claim preclusion, will bar subsequent and separate litigation of such issues (*see Boronow v Boronow*, 71 NY2d 284, 286 [1988]; *Jeannotte v Jeannotte*, 235 AD2d 711, 714 [1997]; *Glass v Glass*, 186 AD2d 787 [1992]). Further, once a claim is brought to conclusion, as in the instant case, the doctrine of res judicata bars " 'all other claims arising out of the same transaction or series of transactions . . . even if based upon different theories

or if seeking a different remedy' " (*Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 884 [2004], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Plaintiff was provided with a full and fair opportunity to contest the distribution of the three properties and is foreclosed from relitigating the exact matters which were previously resolved in the 1998 divorce action.

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.