(April 7, 2005)

■ MICHAEL URFIRER, Appellant, v LESLIE CORNFELD, Respondent. [793 NYS2d 25]—

Order, Supreme Court, New York County (Judith Gische, J.), entered on or about April 23, 2004, which granted defendant's motion to dismiss the complaint, and order, same court and Justice, entered on or about August 10, 2004, insofar as it denied plaintiff's motion for leave to serve an amended complaint, unanimously affirmed, without costs. Appeal from that portion

of the August 10, 2004 order denying reargument unanimously dismissed, without costs, as no appeal lies from a denial of reargument.

Plaintiff husband and defendant wife are in the midst of a pending divorce action. Prior to the commencement of that action, the parties entered into a postnuptial agreement addressing custody, support and some financial issues. Insofar as pertinent to this appeal, article IX, paragraph 9.2, of the agreement provided that the husband waived "any claim he has or may have in the future arising out of the Wife's family's real estate or other holdings," which included the partnership LJS Investors. The husband and wife had received a joint one-third interest in LJS as a gift from the wife's father during the marriage. Under article IX, the wife also waived any interest in the husband's family's real estate or other holdings.

The instant action was commenced in September 2003, alleging causes of action in fraud, breach of fiduciary duty and unjust enrichment.* Underlying the first two of these claims is the allegation that the wife fraudulently obtained the husband's waiver of any interest in LJS by failing to disclose that several properties owned by the partnership had been sold and converted into cash or other liquid assets. The husband alleges that he was injured by these nondisclosures because the parties had intended that all liquid assets would be divided equally between them.

The wife moved to dismiss the complaint, arguing that the husband waived his right to any interest in LJS, without limitation as to the form of the assets, and that the husband's claims otherwise failed to state a cause of action. In the April 23, 2004 order, Supreme Court granted the wife's motion, finding that the wife made no material misrepresentations or omissions to support the fraud and breach of fiduciary duty claims. The court further held it was not unjust for the wife to keep, and the husband to waive, the one-third interest in LJS that had been a gift from the wife's father.

Subsequently, the husband moved to vacate the court's April 23 order and for leave to amend the complaint. In the August 10, 2004 order, the court denied both motions.

The husband's causes of action for fraud and breach of fiduciary duty were properly dismissed as he failed to allege either a misrepresentation of material fact or the failure to disclose facts that the wife had a duty to disclose (*see Dayton v Dayton*, 175

---

* The husband has filed numerous other actions and motions attempting to avoid the effect of his waiver, all without success.

AD2d 427, 428 [1991], *lv denied* 78 NY2d 863 [1991] [failure to disclose financial circumstances not sufficient to void agreement fair on its face]; *Chalos v Chalos*, 128 AD2d 498, 499 [1987], *lv denied* 70 NY2d 609 [1987] [where wife knew about husband's holdings in property, no fraud based on mere fact that husband did not apprise her of their worth]). The husband indisputably was aware of the parties' interest in LJS at the time the agreement was executed, and article IX of that agreement demonstrates his unequivocal and unconditional waiver of any interest therein. Significantly, the express terms of the waiver provision do not limit the waiver to nonliquid assets. Nor, in the face of this broad waiver, is there any record basis to conclude that the form of the assets had any bearing on the husband's decision to execute the waiver provision in the agreement (*see Dayton*, 175 AD2d at 428).

We also note that the husband, a sophisticated businessman, expressly states in the agreement that he was fully advised by matrimonial counsel during the negotiations over the agreement, and that counsel informed him of his right to conduct an independent inquiry into the wife's financial circumstances.

Nor do we find any basis for the husband's cause of action for unjust enrichment. Since the one-third interest in LJS was gifted to the parties by the wife's father, we agree with the motion court's conclusion that "[t]here is nothing particularly unjust about [the wife] maintaining and [the husband] waiving the wealth gifted to the parties by [the wife's] father." Contrary to the husband's argument, the fact that the cash proceeds of the sale of his family's asset were submitted to equitable distribution as marital property, notwithstanding the wife's corollary waiver in the agreement, does not alter this conclusion. The record demonstrates that these proceeds were deposited into the parties' joint account well before the execution of the agreement, and thus fell within the definition of marital property.

Leave to amend the complaint was properly denied as the husband wholly failed to demonstrate that his proposed amended complaint cured the deficiencies in the original pleading. Concur—Buckley, P.J., Andrias, Nardelli, Gonzalez and Sweeny, JJ.