■ CAROLYN I. HEJNA, Respondent, v ANDREW A. REILLY, Appellant. [931 NYS2d 192]—

Mercure, J.P. ■

---

The parties' appeals in connection with their divorce and child support dispute have been before us on two prior occasions, and the underlying facts are more fully set out in our earlier decisions (*Henja v Reilly*, 26 AD3d 709 [2006]; *Henja v Reilly*, 237 AD2d 809 [1997]). Briefly, the parties are the parents of a daughter (born in 1986) and a son (born in 1988). They entered into a separation agreement that was incorporated, but not merged, into the judgment of divorce. Defendant agreed, as is relevant here, to pay biweekly child support and to contribute one half of the college tuition expenses for each child, as measured by "the cost of same at a New York State supported college, equivalent to SUNY Albany." He further agreed to make those payments "until said child graduates from college assuming that attendance at college takes place during the four years immediately following graduation from high school." The agreement also contains a provision setting forth a number of events that would terminate his child support obligations, among them being a child turning 22 years of age while a full-time student.

The parties' son enrolled in college immediately upon his 2007 graduation from high school, attended full time, and was to complete his degree by 2011. The son attained the age of 22 shortly before the beginning of his senior year of college, however, and defendant ceased making tuition and child support payments at that time. Plaintiff moved for an order directing, among other things, that defendant make those payments until the end of the four-year period set out in the agreement. Supreme Court granted the motion to that extent, and defendant now appeals.

We affirm. Inasmuch as the parties' separation agreement was incorporated but not merged into the judgment of divorce, it remains a legally binding, independent contract to which the ordinary rules of contract interpretation apply (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Desautels v Desautels*, 80 AD3d 926, 928 [2011]). The agreement commits defendant to pay child support and college tuition expenses for the four years following a child's graduation from high school. It also terminates defendant's child support obligations if a child reaches the age of 22 years while a full-time student, which occurred here prior to the end of the four-year period. In reconciling the resulting conflict to effectuate the parties' intent, we are mindful that, "[w]here a contract . . . employs contradictory language,

specific provisions control over general provisions" (*Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963, 965 [2005]; *see Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]). Defendant's specific commitment to pay for child support and tuition expenses during the four years following graduation from high school "until said child graduates from college," accordingly controls over the more general list of termination events, which defendant characterizes as a "catchall" provision. Furthermore, both children reached the age of 22 within the four-year period and, thus, defendant's reading of the agreement impermissibly renders his promise to pay college expenses and child support for four years meaningless (*see Winski v Kane*, 33 AD3d 697, 698 [2006]; *see also Allyn v Allyn*, 163 AD2d 665, 667 [1990], *lv denied and appeal dismissed* 76 NY2d 1005 [1990], *lv denied* 77 NY2d 806 [1991]; Restatement [Second] of Contracts § 203 [a]).

Supreme Court's interpretation of the agreement is further supported by extrinsic evidence of the parties' intent, which was properly considered by the court in light of the "internal inconsistencies in [the separation agreement that] point to ambiguity" (*Gessin Elec. Contrs., Inc. v 95 Wall Assoc., LLC*, 74 AD3d 516, 518 [2010]; *see Wing v Wing*, 112 AD2d 932, 933 [1985]). Defendant does not dispute his awareness at the time of the agreement's execution that the son could not graduate college prior to the age of 22 if he adhered to a standard academic schedule; nevertheless, he agreed to pay college expenses and child support for four years following the graduation from high school of his children. Moreover, when the parties' daughter also turned 22 years old during her senior year of college, defendant continued to make child support and college tuition payments until her graduation. Accordingly, inasmuch as the language of the contract and extrinsic evidence demonstrate that defendant agreed to pay child support and tuition expenses for four years after his son's graduation from high school, notwithstanding the son's intervening 22nd birthday, Supreme Court properly directed defendant to do so.

Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.