■ Leslie A. Barlette, Now Known as Leslie A. Valencia, Appellant, v Ronald R. Barlette, Respondent. [945 NYS2d 475]—

■■■■■■■■■■■■■■■■■■■■■■■■■

Malone Jr., J. Appeal from an order of the Supreme Court (McNamara, J.), entered March 22, 2011 in Albany County, which, among other things, denied plaintiff's motion to hold defendant in contempt.

The parties, who were divorced in 1995, are the parents of twin daughters (born in 1989). In November 2010, plaintiff moved by order to show cause to, as is relevant here, hold defendant in contempt unless he provided evidence that he was in compliance with a provision of the parties' stipulation, which was incorporated but not merged into the judgment of divorce, that required him to annually provide proof to plaintiff that he maintained life insurance in the amount of $100,000 for the benefit of each child. Finding that defendant's obligation to maintain life insurance for the benefit of the parties' children expired when the children reached the age of 21, Supreme Court denied the motion. Plaintiff appeals.

Where, as here, a stipulation of settlement is incorporated but not merged into a judgment of divorce, it constitutes an independent contract by which both parties are bound (*see Merl v Merl*, 67 NY2d 359, 362 [1986]; *Hejna v Reilly*, 88 AD3d 1119,

1120 [2011]). As such, the parties' agreement must be "construed in accordance with the principles of contract interpretation" and, if the "language is clear and unambiguous, the intent of the parties must be gleaned from the agreement without resort to extrinsic evidence" (*Matter of Kurzon v Kurzon*, 246 AD2d 693, 694 [1998]). Here, the contract provision by which defendant agreed to maintain life insurance in the amount of $100,000 for the benefit of each child is clear and unambiguous, and does not contain any language stating—or even implying— that his obligation to maintain such was related to his child support obligation or would otherwise expire in the future. Indeed, the stipulation specifically provides that all issues regarding child support, custody and visitation were previously and separately determined by an order of Family Court. In view of these two separate obligations, the stipulation cannot be construed as relieving defendant from his agreed-to obligation to maintain life insurance for the benefit of his daughters when they turned 21 years of age (*see e.g. Matter of Meccico v Meccico*, 76 NY2d 822, 824 [1990]; *Coloney v Coloney*, 80 AD3d 840, 843 [2011]). Rather, it must be presumed that had the parties intended for that result, the stipulation would have included language to that effect. While defendant contends that the obligation automatically expired, by operation of law, when the children turned 21 (*see* Domestic Relations Law § 236 [B] [8] [a]), that statutory provision applies to obligations imposed by the court, and does not affect or restrict the terms of a stipulation that defendant freely negotiated and agreed upon with the advice of counsel.

Having determined that defendant's obligation to maintain life insurance for the benefit of his children did not expire, we nevertheless must remit this matter to Supreme Court for further proceedings inasmuch as no hearing was held on plaintiff's motion. Although defendant apparently admits that he has not maintained life insurance as required by the stipulation, he alleged that he was unaware that the policy he had obtained would decrease in value over time, and further alleges—but provides no actual proof—that he is currently uninsurable due to his allegedly poor health. To the extent that plaintiff requests this Court to award damages based upon defendant's apparent concessions, we find there to be insufficient evidence on this record to determine whether defendant's failure to maintain insurance in the amount set forth in the stipulation constitutes contempt and what, if any, an appropriate remedy may be, keeping in mind that "civil contempt penalties should be remedial, not punitive" in nature (*Matter of Sheenagh O'R. v Sean F.*, 50 AD3d 480, 481 [2008]).

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to hold defendant in contempt; *matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision*; and, as so modified, affirmed.