■ TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as Subrogee of Ann Taylor Retail, Inc., Respondent, v SANCO MECHANICAL, INC., Appellant. [5 NYS3d 88]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered August 30, 2013, which denied defendant's motion to dismiss the complaint, unanimously modified, on the law, to dismiss the "res ipsa loquitur" cause of action, as well as the first cause of action only to the extent it sounds in gross negligence, and otherwise affirmed, without costs.

Plaintiff's "res ipsa loquitur" cause of action should be dismissed, because res ipsa loquitur is a not a separate theory of liability (*see Ianotta v Tishman Speyer Props., Inc.*, 46 AD3d 297, 299 [1st Dept 2007]). However, plaintiff may invoke the doctrine of res ipsa loquitur where appropriate in this action (*see id.*). As to gross negligence, plaintiff failed to plead facts sufficient to support said claim.

The motion court correctly denied all other aspects of defendant's motion to dismiss. The action, involving a flood at an Ann Taylor retail store, is not time-barred, as it was commenced within three years of the date of the accident (*see* CPLR 214 [4]; *Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1031 [2013]). Nor is the action barred by the doctrine of collateral estoppel or res judicata. The parties agreed that plaintiff would discontinue its first action against defendant without prejudice to reinstating its claims. Accordingly, it would be in-

equitable to preclude plaintiff from bringing this action against defendant (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 14 [2008]).

We have considered defendant's remaining arguments, including its contention that plaintiff failed to state a claim against it for common law negligence, and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.