## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 8, 2016                    522886
_____

HENRY J. KROL JR.,

                    Respondent,

        v

KATHERINE YAGER-KROL,
    Individually and as              MEMORANDUM AND ORDER
    Executor of the Estate of
    JULIA YAGER,

                    Appellant,
                    et al.,
                    Defendants.

_____


Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                    _____


        Robert M. Winn, Granville, for appellant.

        Harlem & Jervis, Oneonta (Richard A. Harlem of counsel),
for respondent.

                    _____


Garry, J.

        Appeal from a corrected order of the Supreme Court (Burns,
J.), entered June 26, 2015 in Otsego County, which denied
defendant Katherine Yager-Krol's motion for summary judgment
dismissing the complaint.

        Plaintiff and defendant Katherine Yager-Krol (hereinafter
defendant) were married in 1989.  During the marriage, defendant
inherited property known as the Yager Farm from her mother, Julia
Yager, who died in 2005.  Plaintiff commenced a divorce action in
2010, and the parties were divorced in 2012.  The divorce

judgment incorporated stipulations by which the parties resolved various issues, including their agreement that Yager Farm was separate property for purposes of the divorce litigation but that plaintiff reserved any claims to the property that he might have "under a theory of constructive trust or otherwise exclusive of any claim because of the marriage directly."

Thereafter, plaintiff commenced this action seeking to have a constructive trust placed upon Yager Farm on the ground that he had expended funds and made improvements to the property in reliance upon defendant's promise to share ownership with him. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against her. Supreme Court denied defendant's motion, finding, as pertinent here, that the claim was not barred by res judicata and that there were questions of fact as to whether a constructive trust should be applied. Defendant appeals, and we affirm.

Ordinarily, principles of res judicata preclude a party from separately litigating issues of title to property that were or might have been raised in a matrimonial action, as such matters are closely interrelated with the core objective of dissolving the marital relationship (see O'Connell v Corcoran, 1 NY3d 179, 184-185 [2003]; Boronow v Boronow, 71 NY2d 284, 290 [1988]; Eickhoff v Eickhoff, 12 AD3d 741, 741-742 [2004]; see also Rainbow v Swisher, 72 NY2d 106, 110 [1988]). However, when a party's right to maintain a cause of action has been expressly reserved in a prior action, "[i]t would be inequitable to preclude [the] party from asserting [the] claim under the principle of res judicata" (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 14 [2008] [internal quotation marks and citations omitted]; see Travelers Prop. Cas. Co. of Am. v Sanco Mech., Inc., 126 AD3d 527, 527-528 [2015]). Here, the parties freely agreed to the stipulation by which plaintiff reserved his constructive trust claim, which is contractually binding upon them (see Barlette v Barlette, 95 AD3d 1624, 1624 [2012]; Hoyt v Hoyt, 307 AD2d 621, 622 [2003]). Defendant has made no claim of any unfairness, inequitable conduct or other reason to question the knowing and voluntary nature of the stipulation (see Varriale v Varriale, 160 AD2d 1121, 1122-1123 [1990]). We thus agree with Supreme Court that res judicata does not preclude plaintiff from

raising the constructive trust claim (compare Xiao Yang Chen v Fischer, 6 NY3d 94, 102 [2005]; Partlow v Kolupa, 122 AD2d 509, 509-510 [1986], affd 69 NY2d 927 [1987]).[1]

We further reject defendant's contention that Supreme Court erred in denying summary judgment because plaintiff did not submit evidence that defendant promised to convey an interest in Yager Farm to him.  A constructive trust may be imposed upon proof of "(1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980]; accord Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 347 n 14 [2005]).  "In the marital context, constructive trusts have been imposed when the party seeking this relief has demonstrated a transfer of funds or expenditure of effort, in reliance upon a promise, over and above that which could normally be attributed to the give and take of the marital relationship" (Tidball v Tidball, 93 AD2d 954, 955 [1983] [citation omitted]).

Defendant asserted that neither she nor her parents — the prior owners of Yager Farm — ever agreed to convey an interest in the property to plaintiff, and that she never made any express or implied promise to develop or utilize the farm for plaintiff's benefit as co-owner.  She further asserted that defendant made few expenditures of money or time for the benefit of the property, and that the costs he did cover were nothing more than typical marital expenses.  In opposition, plaintiff asserted that he and defendant had frequent conversations throughout their marriage regarding their plans to move to Yager Farm after its ownership passed to defendant and to renovate it as co-owners. He further asserted that, in reliance upon these conversations, he invested substantial amounts of time, labor and money for the property's benefit throughout the marriage, including purchasing various pieces of farm equipment, paying taxes and insurance,

---

[1]  Defendant's further argument that res judicata bars plaintiff's claims of unjust enrichment and quantum meruit was not raised in Supreme Court and is thus unpreserved for appellate review (see Matter of Ramos v Goord, 309 AD2d 1096, 1097 [2003]).

performing haying and lumbering operations and repairing and renovating farm buildings and a log cabin, and helping to pay counsel fees, expenses and the cost of settlement of certain litigation involving the property. He further produced a 2010 written communication from defendant to plaintiff in which, among other things, she stated that she hoped that his business address would soon be that of Yager Farm, as well as an affidavit from the parties' son stating that he recalled family discussions between plaintiff and defendant about their plans to renovate and move into Yager Farm, and that he had never heard defendant state that she did not intend to convey an ownership interest to plaintiff.

The elements of a constructive trust are applied flexibly, "and, as an equitable remedy, a constructive trust may be imposed whenever necessary to satisfy the demands of justice" (Cinquemani v Lazio, 37 AD3d 882, 882 [2007]; see Booth v Booth, 178 AD2d 712, 713 [1991]). Here, the parties' contradictory claims as to whether defendant intended to share ownership of the farm with plaintiff present credibility issues for factual resolution. We agree with Supreme Court that defendant's submissions established triable issues as to whether plaintiff's labor and expenditures were made in reliance upon an express or implied promise and whether a constructive trust should be applied (see Marini v Lombardo, 39 AD3d 824, 825-826 [2007]; Moak v Raynor, 28 AD3d 900, 902-903 [2006]; Leire v Anderson-Leire, 22 AD3d 944, 945-946 [2005]). Accordingly, defendant was not entitled to summary judgment dismissing the complaint.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the corrected order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court