Gentile v Gentile (2019 NY Slip Op 03322)





Gentile v Gentile


2019 NY Slip Op 03322


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-08847
2016-08848
 (Index No. 10367/07)

[*1]Joseph Gentile, Jr., appellant,
v
Heidi Gentile, respondent.


Joseph J. A. Tringali, Sr., Scarsdale, NY, for appellant.
Buonamici & LaRaus, LLP, White Plains, NY (Lawrence B. LaRaus, John C. Guttridge, and Scott Stone of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated March 8, 2012, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated July 27, 2016, and (2) a money judgment of the same court, also dated July 27, 2016. The order, insofar as appealed from, granted those branches of the defendant's motion which were for a money judgment against the plaintiff in the sums of $22,706 for child support arrears and $32,000 for sums due under the judgment of divorce and to direct that the plaintiff is solely responsible for the payment of real estate tax arrears and the balances due on a promissory note and a home equity line of credit, and denied that branch of the plaintiff's cross motion which was for a money judgment against the defendant in the sum of $9,250 for 50% of the fees for the attorney for the children and expert fees. The money judgment, upon the order, is in favor of the defendant and against the plaintiff in the sums of $22,706 for child support arrears and $32,000 for sums due under the judgment of divorce.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for a money judgment against the plaintiff in the sum of $32,000 for sums due under the judgment of divorce and to direct that the plaintiff is solely responsible for the payment of real estate tax arrears and the balances due on a promissory note and a home equity line of credit, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that the money judgment is modified, on the law, by deleting the provision thereof awarding the defendant the sum of $32,000 for sums due under the judgment of divorce; as so modified, the money judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this matrimonial action, the parties litigated certain financial issues. After a trial, the defendant was awarded, among other things, a credit in the sum of $32,000 for her 50% share of a loan made to Gentile Construction Corp., a closely held corporation in which the plaintiff was [*2]the sole stockholder. The credit was to be given upon the sale of the marital residence. The $32,000 credit was subsequently included in the terms of the judgment of divorce. In an order after trial, the Supreme Court denied all financial claims made by the defendant that were not expressly addressed in the order, "upon failure of sufficient proof." This included claims for the payment of real estate tax arrears and the balances due on a promissory note and a home equity line of credit. The issue of child support arrears was not decided at trial, but the plaintiff agreed that he would pay any arrears that were determined. Thereafter, in an order of the Family Court, Westchester County, entered on consent, the defendant's "right to seek pre-divorce judgment . . . child support arrears in [the] Supreme Court" was expressly reserved.
Subsequently, the defendant moved in the Supreme Court, among other things, for a money judgment against the plaintiff in the sums of $22,706 for predivorce judgment child support arrears and $32,000 for her share of the loan to Gentile Construction Corp., and to direct that the plaintiff is solely responsible for the payment of real estate tax arrears and the balances due on the promissory note and the home equity line of credit. The plaintiff cross-moved, inter alia, for a money judgment against the defendant in the sum of $9,250 for 50% of the fees for the attorney for the children and expert fees. In an order dated July 27, 2016, the court, among other things, granted those branches of the defendant's motion, and denied that branch of the plaintiff's cross motion. A money judgment, also dated July 27, 2016, was entered upon the order. The plaintiff appeals from the order and the money judgment.
The plaintiff's contention that the Supreme Court erred in granting that branch of the defendant's motion which was for predivorce judgment child support arrears is without merit. The defendant's right to seek such arrears was expressly reserved (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 14; Krol v Yager-Krol, 145 AD3d 1249).
However, we agree with the plaintiff that the Supreme Court should not have granted those branches of the defendant's motion which concerned financial issues other than the predivorce judgment child support arrears. The court should have denied that branch of the defendant's motion which was for a money judgment in the sum of $32,000 for her 50% share of the loan to Gentile Construction Corp., as the court had already granted the defendant a credit in that amount upon the sale of the marital residence, which has not yet occurred, and the judgment of divorce provides for such a credit.
Furthermore, those branches of the defendant's motion which concerned the payment of real estate tax arrears, the promissory note, and the home equity line of credit were barred by the doctrine of law of the case, as those issues were litigated at trial and decided against her. The defendant is precluded from relitigating those issues where she had a full and fair opportunity to address them (see Matter of Goldstein v Zabel, 146 AD3d 624; Matter of Murtaugh v New York State Dept. of Envtl. Conservation, 134 AD3d 1392; Town of Massena v Healthcare Underwriters Mut. Ins. Co., 40 AD3d 1177).
We agree with the Supreme Court's determination to deny that branch of the plaintiff's cross motion which was for a money judgment for 50% of the fees for the attorney for the children and expert fees, because the plaintiff failed to establish that he had paid any such fees or that any demands had been made for such fees.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court