Vecchio v Vecchio (2020 NY Slip Op 02207)





Vecchio v Vecchio


2020 NY Slip Op 02207


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

526541

[*1]Kay Vecchio, Now Known as Kay Spencer, Appellant,
v
Anthony Vecchio, Defendant.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Kay Spencer, Gloversville, appellant pro se.



Devine, J.
Appeal from an order of the Supreme Court (Cortese, J.), entered April 2, 2018 in Montgomery County, which denied plaintiff's motion to vacate a judgment of divorce.
Plaintiff (hereinafter the wife) commenced this divorce action against defendant (hereinafter the husband) in 2010. The parties then entered into a stipulation in open court in which they resolved all issues of equitable distribution, maintenance, child custody and support, and agreed to a divorce on the grounds stated in the complaint. In a thorough colloquy, the wife stated that she had discussed the terms of the stipulation with her attorney beforehand, understood them and was agreeing to the stipulation voluntarily. She further stated that she had not been forced, threatened or coerced into agreeing, confirmed that she was satisfied with the performance of counsel and denied that she was under the influence of any drugs or alcohol that would impair her ability to enter into the stipulation. She executed an opting-out affidavit in which she made similar representations. The stipulation was incorporated, but not merged, into a 2011 judgment of divorce. Seven years later, the wife moved to vacate the stipulation and the divorce judgment that resulted from it. Supreme Court denied the motion and the wife appeals.
We affirm. Stipulations of settlement entered into in open court, particularly those set forth by counsel and accepted by the parties on the record, are favored by the courts and will not lightly be set aside (see IDT Corp. v Tyco Group, S.A.R.L., 13 NY3d 209, 213 [2009]; Hallock v State of New York, 64 NY2d 224, 230 [1984]; Pinkham v Pinkham, 309 AD2d 1139, 1139-1140 [2003]). Indeed, stipulations are construed as independent contracts and will only be vacated in the presence "of 'cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident,' a showing of unconscionability or a conflict with public policy" (Matter of Badruddin, 152 AD3d 1010, 1014 [2017], lv dismissed 30 NY3d 1080 [2018], quoting Hallock v State of New York, 64 NY2d at 230; see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Pinkham v Pinkham, 309 AD2d at 1140). The wife provided nothing to substantiate her accusations of fraud and coercion arising from a personal relationship between Supreme Court and the husband, a relationship that both stated did not exist and of which the record contains no hint. The wife further failed to show that the stipulation was induced by the husband's allegedly fraudulent omission of an annuity and pensions on his sparse statement of net worth, as the wife could not have justifiably relied upon those representations given that the stipulation and her own statement of net worth reveal her awareness of those assets (see Suchow v Suchow, 157 AD3d 1015, 1016-1017 [2018], lv dismissed 31 NY3d 1075 [2018]; Paul v Paul, 177 AD2d 901, 902 [1991], lv denied 79 NY2d 756 [1992]; compare Flikweert v Berger, 150 AD3d 1455, 1456-1457 [2017]). Her claims of mistake and duress are belied by her statements at the time she entered into the stipulation. The wife's additional claims are similarly wanting and, thus, Supreme Court acted within its discretion by denying her motion to vacate (see VanZandt v VanZandt, 88 AD3d 1232, 1233-1234 [2011]; Pinkham v Pinkham, 309 AD2d at 1140; Paul v Paul, 177 AD2d at 901-902).
Egan Jr., J.P., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.