■ KARIN A. SCHORADT, Appellant, v ROBERT RIVET, Respondent.—Appeal from an order of the Supreme Court (Thomas, J.), entered January 7, 1992 in Otsego County, which denied plaintiff's motion for summary judgment.

Upon commencement of this action by plaintiff to enforce the terms of the parties' separation agreement, defendant counterclaimed challenging the agreement's validity on the basis that it was obtained by duress without legal representation and was unfair and unconscionable. Plaintiff's motion, after discovery, for summary judgment was denied by Supreme Court with no written decision and apparently on the ground that there were triable issues of fact. We disagree and accordingly reverse.

Defendant, an educated man with a degree in accounting, ignored the advice of his counsel and signed the separation agreement of which he now complains. The fact that he gave away more than he might have been legally required to do does not make the agreement unconscionable or the product of overreaching *(see, Groper v Groper,* 132 AD2d 492). Having failed to object in timely fashion to the agreement, he must be deemed to have ratified it *(see, Amestoy v Amestoy,* 151 AD2d 709; *Stoerchle v Stoerchle,* 101 AD2d 831). We find his claims of intimidation, overreaching and unconscionability not substantiated in the record. Defendant's contention that the escalation clause as to child support is manifestly unfair fails due to his failure to offer proof on the question.

In our view, defendant's allegations were not sufficient to disturb the agreement, especially where, as here, the acknowledgments of the agreement are to the contrary *(see, Carosella v Carosella,* 129 AD2d 547; *Van Wie v Van Wie,* 124 AD2d 353).* The agreement states, *inter alia,* that each side was represented by counsel, that it was entered into only after "much thought and deliberation" by the parties, and that it was voluntary. Defendant has failed to allege sufficient facts in evidentiary form in support of his allegations to raise triable issues of fact and defeat plaintiff's summary judgment motion *(see, Juliani v Juliani,* 143 AD2d 72; *Stoerchle v Stoerchle, supra).*

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff.