■ In the Matter of MARGARET VIZVARY, Respondent, v GEORGE VIZVARY, Appellant. (Proceeding No. 1.) In the Matter of GEORGE VIZVARY, Appellant-Respondent, v MARGARET VIZVARY, Respondent-Appellant. (Proceeding No. 2.) [696 NYS2d 300] —Yesawich Jr., J. (1) Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered September 9, 1998, which, *inter alia*, granted petitioner's application, in proceeding No. 1, pursuant to Family Court Act article 4, to enforce the maintenance provisions of a judgment of divorce, and (2) cross appeals from an order of the Supreme Court (Torraca, J.), entered June 17, 1998 in Ulster County, which, *inter alia*, dismissed petitioner's application, in proceeding No. 2, pursuant to CPLR 5241 (e), for an order determining that a mistake of fact is contained in respondent's income execution.

In 1987, after 30 years of marriage, George Vizvary and Margaret Vizvary were divorced. A separation agreement incorporated but not merged into the divorce judgment provided that the husband would pay monthly maintenance to the wife, the wife would remain in the marital residence and the husband was to be responsible for payment of the mortgage, property taxes and insurance premiums on the residence premises.

In 1998, in response to the wife's petition in an enforcement proceeding (hereinafter proceeding No. 1), a Hearing Examiner found that, beginning in 1995, the husband had failed to meet his obligations and also denied the husband's cross petition seeking a downward modification of his support obligations. Over the parties' objections, Family Court affirmed the Hearing Examiner's determination. The husband appeals from Family Court's order in proceeding No. 1. During the pendency of that proceeding, the husband, reacting to the wife's service of an income execution, commenced a proceeding in Supreme Court pursuant to CPLR 5241 (e) (hereinafter proceeding No.

2) asserting that a mistake of fact existed with regard to the income execution. This petition was dismissed, prompting an appeal by the husband from that order as well as a cross appeal by the wife challenging Supreme Court's failure to rule on her request for counsel fees.

Initially, the husband assails Supreme Court's determination in proceeding No. 1 holding him responsible for payment of real property taxes and insurance premiums even after the mortgage had been satisfied. As to that, the relevant provision of the separation agreement, which is subject to the principles of contract law in its interpretation (*see, Matter of Meccico v Meccico*, 76 NY2d 822, 823-824; *Matter of Frye v Brown*, 189 AD2d 1031, 1033), provides that as long as the wife occupies and solely owns the marital residence (which she does), the husband shall be liable for and make and continue to make any and all payments of real estate taxes and premiums of insurance. As this language is clear, there is no need to look beyond the four corners of the document to determine the parties' intent (*see, Matter of Meccico v Meccico, supra*, at 824). Furthermore, assuming arguendo that the provision was ambiguous, the husband, by continuing to pay the taxes and insurance premiums on the marital residence for seven years after the mortgage was paid in full, from 1989 until 1996, by his conduct ratified this interpretation (*see, Hoskins v Skojec*, 265 AD2d 706 [decided herewith]; *Schoradt v Rivet*, 186 AD2d 307).

The husband's appeal from Family Court's denial of his cross petition in proceeding No. 1 for a downward modification of his maintenance obligation must be dismissed, as it cannot properly be reviewed in light of the husband's failure to furnish this Court with a copy of the transcript of his testimony before the Hearing Examiner (*see, Matter of Austin v Austin*, 204 AD2d 316; *Personnel Sys. Intl. v Clifford R. Gray, Inc.*, 146 AD2d 831).

In any event, from the facts we have been made aware of regarding the husband's financial situation, a downward modification would not be warranted for even though his income for 1997 was diminished to $38,956.62, due to the loss of employment as a college professor, it exceeded his expenses of approximately $35,100, including his maintenance obligations. Moreover, it appears the husband enjoys a comparatively comfortable lifestyle attested to by the purchase of an $85,000 boat he is financing, a $213,000 home that he shares and maintains with his current wife and lease payments on a 1998 automobile valued at $24,000. In short, the husband has

not demonstrated that his circumstances are such that he comes under the rubric of one who has suffered extreme hardship (*see, Hawley v Hawley*, 247 AD2d 806).

Nor are we persuaded that Supreme Court erred in dismissing the husband's petition in proceeding No. 2. CPLR 5241 (e) enables a debtor seeking to interdict an income execution to assert that a factual mistake exists as to the amount of current support or arrears (CPLR 5241 [a] [8]). Having already rejected the husband's assertion that the amount of arrears was in error because—as he alleged in proceeding No. 1—the separation agreement did not require him to pay real estate taxes or insurance premiums, it necessarily follows that there was no mistake of fact for which a hearing was required.

Finally, there is merit to the wife's contention on her cross appeal that Supreme Court erred in its failure to address her request for counsel fees. Pursuant to Domestic Relations Law § 237 (c), when a party has willfully failed to pay ordered support, counsel fees are to be awarded (*see, Matter of Croce v Croce*, 236 AD2d 646, 648). Where, as here, there is clear and convincing evidence that the husband had the ability to pay support but failed to do so, a willful violation has been established (*see, Matter of Fierro v Fierro*, 211 AD2d 676, 678). Because the husband has contested the wife's request for counsel fees, the matter must be remitted to Supreme Court for a hearing to determine the proper amount of those fees (*see, Simons v Simons*, 139 AD2d 959, 961).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order entered September 9, 1998 is affirmed, with costs. Ordered that the order entered June 17, 1998 is modified, on the law, by remitting the matter to the Supreme Court for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.