■ DANA CROSS, Appellant, v PEGGY CROSS, Respondent. [736 NYS2d 802] —Peters, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered November 30, 2000 in Washington County, which, inter alia, granted defendant's cross motion for summary judgment setting aside a separation agreement.

Plaintiff and defendant, separated after approximately 20 years of marriage, are the parents of three children: Tanner (born in 1980), Aaron (born in 1984) and Dayton (born in 1990). In August 1998, they entered into a separation agreement prepared by plaintiff's counsel. Defendant contends that she received a draft of the agreement only one week prior to signing it, was told of its urgency and maintains that her repeated requests to discuss the terms thereof were summarily dismissed; she never sought the advice of independent counsel.

It appears undisputed that defendant worked part time

throughout the marriage and primarily fulfilled the traditional role of homemaker and primary caregiver to the parties' children. By the time of their separation, however, defendant made it clear that she chose to move into a separate apartment with her paramour. Each of the parties describe defendant's emotional state as markedly different with its affects culminating in her willingness to enter the subject separation agreement.

Pursuant to the terms of the agreement, defendant conveyed her entire interest in the marital residence to plaintiff who retained possession of the residence and its contents. Defendant received the funds available in both the checking and savings accounts, but relinquished all interest in plaintiff's construction business which was formed at or about the time of their marriage. Defendant also kept the pension she acquired during her part-time employment as a registered nurse, but waived any interest in or rights to plaintiff's retirement benefits, as well as the mutual funds and life insurance policies owned by the parties. The agreement further provided, inter alia, that both would waive any claims for maintenance, that defendant would assume the obligation for maintaining health insurance for the children, but plaintiff would be responsible for all uninsured medical expenses, and that the parties would have joint legal custody with plaintiff having physical custody; all child support was waived.

Despite their formal separation, there were several attempts at reconciliation. However, on March 9, 1999, plaintiff commenced this action for divorce by filing a summons with notice and thereafter serving a verified complaint. Defendant denied the allegations and set forth a separate and distinct counterclaim seeking rescission of the agreement, alleging that its terms were unfair and unconscionable. Shortly after receiving defendant's responses to interrogatories, plaintiff moved to dismiss the counterclaim and for, inter alia, leave to add a cause of action for a conversion divorce; defendant cross-moved for summary judgment. Supreme Court granted defendant's cross motion and deemed the separation agreement null and void. This appeal ensued.

Although there appears to be no dispute concerning the custody provisions contained in the agreement, the provisions pertaining to child support do not, in our view, constitute an enforceable opting-out agreement (*see*, Family Ct Act § 413 [1] [h]; *Matter of Mitchell v Mitchell*, 264 AD2d 535, 536, *lv denied* 94 NY2d 754; *Matter of Kaffenberger v Kaffenberger*, 228 AD2d 743, 744). While provisions pertaining to the equitable distri-

bution of marital property may be set aside as unconscionable if the distribution is " 'such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other' " (*Christian v Christian*, 42 NY2d 63, 71, quoting *Hume v United States*, 132 US 406, 411; *accord, Giustiniani v Giustiniani*, 278 AD2d 609, 610, *lv denied* 96 NY2d 706), judicial review must be exercised "circumspectly, sparingly and with a persisting view to the encouragement of parties [to] settl[e] their own differences in connection with the negotiation of property settlement provisions" (*Christian v Christian, supra* at 71-72).

Where, as here, the issue of duress arises in opposition to defendant's motion for summary judgment and plaintiff sufficiently sets forth conflicting allegations pertaining to defendant's familiarity with not only the value of the family business but also the martial residence and their personal assets by way of his own affidavit and that of his bookkeeper, Supreme Court should have denied defendant's motion (*compare, Chasin v Chasin*, 98 AD2d 788, *with Giustiniani v Giustiniani, supra; see also, Pennise v Pennise*, 120 Misc 2d 782). Further, with defendant failing to challenge the validity of the separation agreement for approximately one year after it was executed, a question regarding her ratification thereof remains extant (*see, Matter of Vizvary v Vizvary*, 265 AD2d 697, 698).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion; cross motion denied; and, as so modified, affirmed.