■ DEBORAH B. RODRIGUEZ, Respondent, v WILSON RODRIGUEZ, Appellant. [783 NYS2d 102]—

Lahtinen, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered September 8, 2003 in Ulster County, which denied defendant's motion to set aside the separation agreement between the parties.

Defendant seeks to set aside a separation agreement executed by the parties in September 1997. The parties were married in 1976 and are the parents of three children, born in 1978, 1980 and 1991. The agreement provided that plaintiff would receive the parties' home in the Town of Plattekill, Ulster County. Defendant also agreed that he would pay child support of $450 per week, pay one half the college costs for the children and pay one half the cost of private school tuition for the youngest child. When defendant failed to fully perform these obligations, plaintiff commenced this action in April 2001 seeking enforcement of the agreement.

Defendant's answer contended that the agreement should be set aside because it was so one-sided as to be unconscionable and he alleged that he executed the agreement under duress. Supreme Court conducted a hearing on the limited issue of the enforceability of the agreement and, after hearing the proof presented, issued a written decision denying defendant's motion to set aside the separation agreement. Defendant appeals.

We affirm. While the fiduciary relationship between spouses permits closer judiciary scrutiny of a separation agreement than an ordinary contract (*see Levine v Levine*, 56 NY2d 42, 47 [1982]), spouses are nevertheless encouraged to resolve their own issues (*see Christian v Christian*, 42 NY2d 63, 71-72 [1977]) and an agreement will not be set aside "simply because marital assets are divided unequally, because one spouse 'gave away more than [that spouse] might have been legally required to do,' or because the spouse's decision to approve the agreement might be characterized as unwise" (*Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002] [citations omitted], quoting *Schoradt v Rivet*, 186 AD2d 307, 307 [1992]). To successfully set aside an agreement, it should be shown that no reasonable and competent person would accept its terms, which are so inequitable as to shock the conscience (*see Lounsbury v Lounsbury, supra* at 814). Moreover, if a party can demonstrate duress that deprived him

or her of the ability to act in self-interest or exercise free will, then the agreement may be set aside (see Morand v Morand, 2 AD3d 913, 914 [2003]; Lyons v Lyons, 289 AD2d 902, 904 [2001], lv denied sub nom. Anonymous v Anonymous, 98 NY2d 601 [2002]). Where varying versions of events are presented regarding these issues, deference is afforded the trial court's determination of witness credibility (see Broer v Hellermann, 2 AD3d 1247, 1248 [2003]).

Here, a primary contested issue involved the amount of defendant's annual income. He has been employed for many years as a bellman at a New York City hotel. While he reported income of under $30,000, plaintiff contended that defendant's unreported cash tips resulted in actual income as high as $90,000. In the separation agreement, defendant acknowledged income of $1,700 per week. Furthermore, the parties' lifestyle— including, among other things, maintaining both an apartment in Manhattan and a home in Plattekill for many years—provides additional support for the conclusion that defendant earned more than his reported income. Affording deference to Supreme Court's assessment of witness credibility, we discern no reason to disturb its determination that defendant earned $70,000 to $90,000 annually.

In light of such income by defendant, the amount of child support in the agreement is compatible with Domestic Relations Law § 240 (1-b) and the agreement recites that the parties were provided copies of the Child Support Standards Act. With respect to the transfer of the home to plaintiff, we agree with Supreme Court that this does not shock the conscience since plaintiff did not receive any maintenance in the agreement and she earned only about 20% to 25% of the amount that defendant earned during the long-term marriage that produced three children.* Although defendant was not represented by counsel when he signed the agreement, such fact alone does not fatally undermine the agreement (see Croote-Fluno v Fluno, 289 AD2d 669, 671 [2001]) and, indeed, it appears that defendant may have been entitled to counsel through his union and opted not to exercise that benefit. The allegations that plaintiff contacted defendant at work, through phone calls and notes, in an effort to pressure him to sign the agreement do not provide a ground for finding duress under the prevailing circumstances (see Lyons v Lyons, supra at 903-904). The remaining arguments have been considered and found without merit.

---

* Although there was insufficient proof at the trial of the value of the home when the separation agreement was executed in 1997, Supreme Court noted its value had ostensibly increased since such time and the equity at the time of trial in 2003 was about $154,000.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.