■ HERBERT I. CURTIS, Respondent, v MARIA R. CURTIS, Appellant. [798 NYS2d 764]—

Spain, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered November 10, 2004 in Ulster County, which denied defendant's motion to vacate a judgment of divorce and to set aside the separation agreement between the parties.

The parties were married in 1982 and have three children, born in 1985, 1987 and 1989, the eldest of which is now emancipated. In 2004, plaintiff commenced an action for divorce on the ground of abandonment. Shortly thereafter, defendant signed an affidavit of no contest, permitting plaintiff to obtain a judgment of divorce upon this ground. Supreme Court's judgment incorporated without merger the terms of a separation agreement executed by the parties which provided, among other things, that defendant waived her interest in plaintiff's pension plan and in the marital residence. In exchange, the parties stipulated that plaintiff would pay defendant $50 per week in child support, an increase of $37 over an existing Family Court support order ($13 per week) calculated in accordance with the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]). At the time the separation agreement was signed, only the parties' youngest child resided with defendant. Defendant now seeks to set aside the judgment of divorce and the separation agreement, alleging that the agreement was unfair and unconscionable in light of her lack of education, failure to adequately secure counsel in reviewing the agreement and plaintiff's subsequent successful application for a child support award in plaintiff's favor following the decision of the youngest child to leave defendant's home and reside with plaintiff. Supreme Court denied defendant's motion, prompting her appeal.

We affirm. Given the fiduciary relationship that exists between spouses, separation agreements are more carefully scrutinized than ordinary contracts and may be set aside if the agreement's terms evidence overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it (see Broer v Hellermann, 2 AD3d 1247, 1248 [2003]; Croote-Fluno v Fluno, 289 AD2d 669, 670 [2001]). However, "[j]udicial review is to be exercised circumspectly, sparingly and with a persisting view to the encourage-

ment of parties settling their own differences in connection with the negotiation of property settlement provisions" (*Christian v Christian*, 42 NY2d 63, 71-72 [1977]; *see Rodriguez v Rodriguez*, 11 AD3d 768, 769 [2004]; *Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002]). "Furthermore, when there has been full disclosure between the parties, not only of all relevant facts but also of their contextual significance, and there has been an absence of inequitable conduct or other infirmity which might vitiate the execution of the agreement, courts should not intrude so as to redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided" (*Christian v Christian, supra* at 72).

Here, the separation agreement states that defendant understood the agreement and was apprised of and fully capable of exercising her right to counsel and/or to consult with an accountant. The agreement further states that it was entered into "after extensive consultation by each with their respective attorneys" and that the parties had each made "a full and complete disclosure of their financial affairs to the other." Indeed, defendant concedes that she consulted with counsel for the purpose of reviewing the agreement and, thereafter, she negotiated an increase in plaintiff's child support obligation to a figure in excess of plaintiff's obligation under the Child Support Standards Act. Moreover, the agreement clearly states that defendant waived her interest in plaintiff's Ulster County pension and that each party retained possession of all personal and real property presently within their possession, including their respective automobiles. While defendant also waived her interest in the marital residence, plaintiff assumed liability for all mortgage payments and other obligations related thereto. Further, as early as November 2000, when defendant left the marital residence, she assured plaintiff that she did not want to take anything from him which he had "worked so hard to have." The fact that defendant no longer receives child support and now has to pay child support—because both unemancipated children are presently living with plaintiff—does not effect the fairness of the separation agreement when executed.

No apparent infirmity exists on the face of the separation agreement at issue here; clearly, the plain language of the agreement belies any argument that defendant lacked an opportunity to review the agreement or to seek legal and financial advice (*see Lyons v Lyons*, 289 AD2d 902, 905 [2001], *lv denied sub nom. Anonymous v Anonymous*, 98 NY2d 601 [2002]; *Schoradt v Rivet*, 186 AD2d 307, 308 [1992]). Thus, it was defendant's

burden to set forth sufficient facts to demonstrate that the agreement is "one such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" (*Christian v Christian, supra* at 71 [internal quotations marks and citations omitted]). The record indicates that defendant is gainfully employed and self-supporting, despite having attained only a high school equivalency diploma.* Moreover, she has offered nothing beyond conclusory allegations relevant to the value of the equity, if any, in the marital residence or to the value of plaintiff's pension plan in support of her argument that the agreement was unconscionable or that her waivers were unfairly obtained. As defendant has therefore failed to raise any issues of fact in this regard, we cannot say that Supreme Court erred in denying her motion to set aside the separation agreement (*see Bergstol v Bergstol*, 6 AD3d 369, 369 [2004]; *McGrath v Parker*, 4 AD3d 457, 457 [2004]; *Schoradt v Rivet, supra* at 308). To hold otherwise would be—in contravention of the policy of encouraging parties to settle their own disputes without judicial assistance—to give any party who has made a voluntary and informed decision to enter into a one-sided separation agreement an absolute entitlement to a judicial hearing should he or she merely change his or her mind.

Peters, J.P., Rose and Kane, JJ., concur.

Mugglin, J. (dissenting). I respectfully dissent. In my view, allegations by defendant that, in the course of an 18-year marriage, the parties acquired only two marital assets of substance—plaintiff's pension and the marital residence—and that the terms of the separation agreement awarded 100% of both to her former husband are sufficient, prima facie, to demonstrate the existence of factual issues that the agreement may be unconscionable. While, in rare circumstances, a factual scenario may exist under which such a division is not unconscionable, I remain unconvinced that boiler-plate provisions of the agreement should defeat defendant's request for a hearing. Moreover, it is my view that where, as here, defendant has demonstrated that she received nothing, the value of the assets need not be demonstrated before she is entitled to a hearing. Accordingly, I would reverse and order such a hearing.

Ordered that the order is affirmed, without costs.

---

* There is no evidence in the record that plaintiff has any more education than defendant.