■ ANDREW S. EMPIE, Respondent, v MARY C. EMPIE, Appellant. [846 NYS2d 811]—

Cardona, P.J. Appeal from an order of the Supreme Court (Hall, J.), entered August 25, 2006 in Saratoga County, which

denied defendant's motion to rescind a separation agreement between the parties.

After 25 years of marriage, the parties agreed to a divorce in October 2005. Thereafter, a trial was scheduled for mid-December 2005 concerning equitable distribution of the parties' assets, the most significant of which consisted of the marital residence and a partial marital interest in commercial property neighboring the Albany County International Airport in the Town of Colonie, Albany County.

Following an October 2005 joint appraisal of the market value of the properties, the parties negotiated a separation agreement wherein, among other things, plaintiff waived his interest in the marital residence—appraised at $195,000—and defendant waived her interest in the commercial property—appraised at $315,000 (which, at that time, the parties agreed consisted of one-half marital property and one-half plaintiff's separate property). The agreement was executed on February 6, 2006.

Thereafter, on March 20, 2006, plaintiff sold the commercial property to Albany County Airport Authority for $575,000. Defendant then moved, by two orders to show cause, to, among other things, rescind the parties' separation agreement claiming that plaintiff and his counsel failed to disclose material facts in procuring that agreement by concealing the Airport Authority's intent to purchase the property. Defendant sought a distributive award of $65,000 which represented what she determined to be her additional entitlement based upon the selling price received by plaintiff. She also requested sanctions against plaintiff's counsel for the alleged fraudulent concealment. Supreme Court denied all the requested relief, prompting this appeal.

While a separation agreement will be more closely scrutinized by the courts than ordinary contracts given the fiduciary relationship between husband and wife, such an agreement will not be set aside unless there is evidence of "overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it" (*Curtis v Curtis*, 20 AD3d 653, 654 [2005]; *see Rodriguez v Rodriguez*, 11 AD3d 768, 769 [2004]). Judicial review of such agreements should be exercised sparingly and courts should not "redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided" (*Christian v Christian*, 42 NY2d 63, 72 [1977]; *see Curtis v Curtis*, 20 AD3d at 655).

Here, the record establishes that the parties, notably, both represented by counsel, relied on the conclusion reached by the independent appraiser as to the market value of the respective

properties in entering into the separation agreement. Although defendant alleges fraud in plaintiff's failure to disclose the Airport Authority's interest in acquiring the property, albeit through purchase or condemnation, the record fails to establish that any definite offer was conveyed to plaintiff until after the parties entered into the separation agreement. Under these circumstances, nondisclosure of any such potential interest in the commercial property, without more, does not amount to fraud (*see Paul v Paul*, 177 AD2d 901, 902 [1991], *lv denied* 79 NY2d 756 [1992]; *Dayton v Dayton*, 175 AD2d 427, 428 [1991], *lv denied* 78 NY2d 863 [1991]). Indeed, the appraiser averred that even if he had been aware of the Airport Authority's interest in purchasing the property, without an offer being made, his conclusion as to the property's fair market value would not have changed. Furthermore, we note that defendant was aware that the Airport Authority had contacted plaintiff by mail in October 2005 and she, in fact, attempted to contact the Airport Authority. Based upon our review of the record, we cannot say that Supreme Court erred in finding defendant's allegations of fraud insufficient to set aside the agreement.

Defendant's remaining contentions, including her request to impose sanctions against plaintiff's counsel, have been reviewed and found to be unpersuasive.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.