EILEEN SMITH, Respondent, v WILLIAM SMITH, Appellant. [904 NYS2d 815]—

Malone Jr., J. Appeal from an order of the Supreme Court

(Teresi, J.), entered July 11, 2008 in Albany County, which, among other things, granted plaintiff's motion to transfer certain assets from defendant to plaintiff.

During the course of their divorce action, the parties entered into an oral stipulation in open court that provided for, among other things, the distribution of marital assets, including several retirement and bank accounts. That stipulation was later incorporated, but not merged, into a judgment of divorce. Several months thereafter, the parties executed an agreement whereby they agreed to, among other things, release each other from all claims related to any marital assets that remained undivided, excepting claims with respect to undivided financial accounts that were required by the judgment of divorce to be divided by domestic relations orders. Following the execution of this release agreement, a dispute arose regarding a particular account that had not been divided—a "Command IRA" account held by Wachovia Securities, LLC, worth approximately $123,000. Ultimately, plaintiff moved by order to show cause for an order distributing 50% of that Wachovia IRA to her, arguing that it was an account that was required to be divided by a domestic relations order according to the judgment of divorce and, thus, the release agreement did not prohibit her claim thereto. Defendant opposed that motion and cross-moved for an order rescinding the release agreement in the event that Supreme Court determined that the Wachovia IRA was not released thereunder. Supreme Court granted plaintiff's motion and denied the cross motion, prompting this appeal.*

Although defendant conceded at oral argument that the parties' stipulation required them to evenly divide the Wachovia IRA between them, he contends that the stipulation did not require the division to be made by a domestic relations order. Accordingly, defendant's position is that plaintiff waived her right to a one-half distribution of the Wachovia IRA when she signed the release agreement. We disagree. It is well settled that, in enforcing an oral stipulation of settlement that was made in open court, "[t]he role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as a whole" (*Matter of Weiss v Weiss*, 289 AD2d 498, 498 [2001]; *accord Lacorazza v Lacorazza*, 47 AD3d 897,

---

* A question arose regarding the timeliness of this appeal given the length of time between the entry of Supreme Court's order and the date on which the notice of appeal was filed. We do not reach the merits of this issue as it is undisputed that the order was never served with notice of entry. Consequently, we need not determine whether Supreme Court had the authority pursuant to the Service Members Civil Relief Act to grant defendant an extension of time to take an appeal.

898 [2008]). Here, according to the stipulation, all of the parties' retirement accounts would be distributed pursuant to a domestic relations order, retained by one party without adjustment or retained by one party with a monetary payout to the other. The Wachovia IRA at issue was one that the parties agreed to "split" at some later undetermined time. For all of the retirement accounts that the parties agreed to divide in the future—excepting the account at issue—defense counsel stated on the record that the distribution would be made by a domestic relations order. Consequently, although defense counsel did not specifically refer to a domestic relations order when stating that the Wachovia IRA at issue was to be split between the parties, we agree with Supreme Court that a reading of the stipulation as a whole reflects an intent that all of the accounts that were to be divided were to be distributed by domestic relations orders. As such, plaintiff's claim to a one-half interest in that account was not released by the agreement.

We are not persuaded by defendant's claim that Supreme Court should have granted his cross motion for rescission of the parties' release agreement. An agreement made in the context of a divorce "will not be set aside unless there is evidence of 'overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it' " (*Empie v Empie*, 46 AD3d 1008, 1009 [2007], quoting *Curtis v Curtis*, 20 AD3d 653, 654 [2005]). Both parties here were represented by counsel during the negotiation and execution of the agreement and were aware of the terms of the oral stipulation and their rights and obligations thereunder. Moreover, although defendant makes various allegations related to purported support overpayments that he made, he has not offered any evidentiary proof to support such claims. Accordingly, we cannot say that Supreme Court erred in denying defendant's motion for rescission of the release agreement (*see Empie v Empie*, 46 AD3d at 1010; *Cross v Cross*, 290 AD2d 920, 922 [2002]).

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.