■ Rita M. Marin-Brown, Respondent, v Leonard G. Brown, Appellant. [912 NYS2d 755]—

Stein, J. Appeal from an order of the Supreme Court (Sise, J.), entered November 4, 2009 in Schenectady County which, among other things, partially denied defendant's motion to set aside the separation agreement between the parties.

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2000 and have one child (born in 2001). The parties entered into a separation agreement in June 2008 addressing, among other things, child support, child custody and distribution of the parties' property. In November 2008, the wife commenced this action for divorce requesting, as relevant here, an order incorporating the separation agreement in a judgment of divorce. In January 2009, the husband executed an affidavit in which he, among other things, waived his right to answer the verified complaint and consented to the matter being placed immediately on the court's uncontested divorce calender. Before the divorce was granted, the husband moved to withdraw his waiver, for permission to serve a late answer and for an order vacating and rescinding the separation agreement. Supreme Court vacated that portion of the separa-

tion agreement that pertained to child support, but otherwise denied his motion. The husband now appeals.*

The husband argues that the financial provisions of the separation agreement are unfair, overreaching and unconscionable. A separation agreement may be set aside based on evidence of one party's " 'overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it' " (*Empie v Empie*, 46 AD3d 1008, 1009 [2007], quoting *Curtis v Curtis*, 20 AD3d 653, 654 [2005]; *see Christian v Christian*, 42 NY2d 63, 71 [1977]; *accord Smith v Smith*, 75 AD3d 784, 786 [2010]). However, spouses are encouraged to resolve their own issues and judicial review of separation agreements is to be exercised sparingly (*see Christian v Christian*, 42 NY2d at 71-72; *Curtis v Curtis*, 20 AD3d at 654-655; *Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002]).

Initially, we reject the husband's contention here that an inference of overreaching is established by the fact that he was not represented by counsel at the time he executed the separation agreement in the office of the wife's attorney, although the wife's attorney was under the belief that he was so represented. The husband does not dispute that he consulted with an attorney—who reviewed with the husband the proposed separation agreement drafted by the wife's attorney prior to its execution—and that he terminated the services of that attorney before executing the agreement. Under these circumstances, the husband's election to proceed without counsel does not compel invalidation of the separation agreement (*see Tremont v Tremont*, 35 AD3d 1046, 1047-1048 [2006]; *Rodriguez v Rodriguez*, 11 AD3d 768, 770 [2004]). Additionally, we agree with Supreme Court's determination that the husband's unsupported claims that he was suffering from depression and under the influence of medication at the time he executed the separation agreement are insufficient to raise an issue of fact requiring a hearing (*see generally Curtis v Curtis*, 20 AD3d at 656).

We are also unpersuaded by the husband's argument that the terms of the separation agreement are unconscionable because they provide for the transfer of virtually all of the parties' assets to the wife. While his primary objection is to the waiver of his interest in the marital residence, the husband also maintains that other provisions of the agreement are unconscionable including, but not limited to, his obligations therein to contribute to the legal fees incurred by the wife in connection with the

---

* Supreme Court subsequently entered an order on stipulation, resolving the issue of child support. Accordingly, the husband's challenge to that portion of the separation agreement has been abandoned.

matrimonial action, to pay 60% of the cost of the child's private school education and to assume responsibility for certain marital debt. Viewing these financial terms in the context of the entire agreement, we do not find them to be so one-sided as to shock the conscience (*see Garner v Garner*, 46 AD3d 1239, 1240-1241 [2007]; *Lounsbury v Lounsbury*, 300 AD2d at 814-815), and Supreme Court properly declined to set aside the agreement "simply because marital assets are divided unequally, because [the husband] 'gave away more than [he] might have been legally required to do,' or because [his] decision to approve the agreement might be characterized as unwise" (*Lounsbury v Lounsbury*, 300 AD2d at 814 [citations omitted], quoting *Schoradt v Rivet*, 186 AD2d 307, 307 [1992]; *see Cheruvu v Cheruvu*, 59 AD3d 876, 878 [2009]; *Rodriguez v Rodriguez*, 11 AD3d at 769).

Finally, it appears from the briefs that both parties are now seeking an award of counsel fees. Such applications "should be made to and passed upon by the court of original instance" (*Lawson v Lawson*, 79 AD2d 787, 789 [1980]; *see Guntert v Daniels*, 240 AD2d 789, 791 [1997]), especially where, as here, we are unable to consider the factual allegations raised in the briefs which are not set forth in the record on appeal (*see Gagen v Kipany Prods.*, 289 AD2d 844, 845 [2001]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.