■ ANNA MARIE MESITI, Appellant, v ANTHONY MONGIELLO, Respondent. [924 NYS2d 175]—

Egan Jr., J. Appeal from an order of the Supreme Court (Ledina, J.), entered June 23, 2010 in Sullivan County, which, among other things, granted defendant's motion to dismiss the complaint.

The parties were married in 1987 and are the parents of two children, born in 1993 and 1998. In April 2008, plaintiff (hereinafter the wife) commenced an action for divorce. In September 2008, respondent (hereinafter the husband) filed an application seeking sole custody of the children, and a hearing upon that application was scheduled for September 11, 2008. Shortly before that hearing, the parties signed two written agree-

---

ments—one entitled "Separation and Property Settlement Agreement" and the other entitled "Child Support and Custody Settlement." On the day of the hearing, the wife appeared with her attorney, who informed Supreme Court that the wife had signed the agreements against his advice and his law firm wished to withdraw as her counsel. Supreme Court then granted the wife a 10-day adjournment to reconsider her consent to the agreements and to seek the advice of new counsel. By correspondence faxed to Supreme Court on September 17, 2008, the wife requested a three-to-four-week extension of time to obtain counsel. When the parties reconvened on September 22, 2008, Supreme Court asked the wife if she needed additional time to reconsider the agreements. In response, the wife withdrew her extension request and declared that "[she was] just going to take the agreement and just end all this" and that she would "go with the agreement that [the parties] signed." Supreme Court then accepted the parties' agreements, which were incorporated, but not merged, into a judgment of divorce.

By correspondence to Supreme Court dated September 26, 2008, the wife asserted that she had been forced into signing "all legal documents related to all aspects of [her] life" and requested that Supreme Court assist her in retracting "all signatures pertaining" to the September 22, 2008 proceeding. In January 2010, the wife commenced this action, seeking, among other things, to rescind the agreements based upon allegations of fraud, duress, overreaching and unconscionability. Supreme Court granted the husband's motion to dismiss the complaint for failure to state a cause of action. The wife now appeals, and we affirm.

"While a separation agreement will be more closely scrutinized by the courts than ordinary contracts given the fiduciary relationship between husband and wife, such an agreement will not be set aside unless there is evidence of 'overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it' " (*Empie v Empie*, 46 AD3d 1008, 1009 [2007], quoting *Curtis v Curtis*, 20 AD3d 653, 654 [2005]; *see Smith v Smith*, 75 AD3d 784, 786 [2010]). "[S]pouses are encouraged to resolve their own issues and judicial review of separation agreements is to be exercised sparingly" (*Marin-Brown v Brown*, 79 AD3d 1302, 1303 [2010]). When considering the wife's claims in the context of a motion to dismiss pursuant to CPLR 3211, "the complaint is liberally construed, the facts alleged therein are accepted as true, [the wife is] accorded every favorable inference and the court determines only whether the facts alleged in the complaint 'fit

within any cognizable legal theory' " (*Lazic v Currier*, 69 AD3d 1213, 1213-1214 [2010], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Lopes v Bain*, 82 AD3d 1553, 1555 [2011]; *Keehle v Diocese of Syracuse*, 80 AD3d 974, 974 [2011]). However, "[t]he rule that the facts alleged are presumed to be true does not apply . . . to legal conclusions or to factual claims which are either inherently incredible or flatly contradicted by documentary evidence" (*Quail Ridge Assoc. v Chemical Bank*, 162 AD2d 917, 918 [1990], *lv dismissed* 76 NY2d 936 [1990]; *accord Lopes v Bain*, 82 AD3d at 1555).

In first addressing the wife's claim of duress, she was required to demonstrate that threats allegedly made by the husband "deprived [her] of the ability to act in furtherance of [her] own interests, or deprived her of the ability to exercise her own free will" (*Lyons v Lyons*, 289 AD2d 902, 904 [2001], *lv denied* 98 NY2d 601 [2002] [internal quotation marks and citation omitted]; *see Morand v Morand*, 2 AD3d 913, 914 [2003]). The wife alleged that, between September 3, 2008 and September 11, 2008, the husband and his attorneys threatened her, without counsel present, that unless she signed the agreements and advised Supreme Court that she did so by her own free will, her children would be taken from her. However, the wife's own statements at the September 11, 2008 court appearance belies this claim. At that proceeding, Supreme Court made a deliberate and careful inquiry into whether the wife read the agreements and understood their terms, provisions and legal implications. The wife, under oath, stated that she was satisfied that there had been full disclosure of all the marital property and confirmed that she was not coerced into executing the agreements. The wife acknowledged that counsel had advised her not to execute the agreements, but she decided to so anyway, she conceded that she had been advised on the law concerning child support and she waived the guidelines. Thereafter, at the September 22, 2008 court appearance, the wife withdrew her request for more time to consult an attorney and, in response to the court's inquiry as to whether defendant's answers would be different if she was asked the same questions posed to her at the September 11, 2008 court appearance, defendant answered, "No." Accordingly, the wife's allegations of duress are flatly contradicted by the transcripts of the September 11 and 22, 2008 court proceedings and are not entitled to any deferential consideration (*see Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999]; *Balunas v Town of Owego*, 56 AD3d 1097, 1098 [2008], *lv denied* 12 NY3d 703 [2009]; *Quail Ridge Assoc. v Chemical Bank*, 162 AD2d at 918). Furthermore, since the husband had the right to call witnesses in support of his application seeking custody of

the children, we are unpersuaded that the mere presence of those witnesses in the courtroom in anticipation of a hearing on that application constitutes duress. Accordingly, we agree with Supreme Court that the wife's allegations of duress are wholly unsupported and conclusory such that she failed to state a cause of action therefor.

We are also unpersuaded that Supreme Court erred in dismissing the wife's claims of overreaching and unconscionability. We reject the wife's contention that an inference of overreaching is established by the fact that she did not have counsel present when she executed the agreements (*see Marin-Brown v Brown*, 79 AD3d at 1303; *Sullivan v Sullivan*, 46 AD3d 1195, 1196 [2007]). At the September 11, 2008 hearing, the wife testified that she rejected the advice of her counsel and, without coercion, signed the agreements after reviewing the same. The wife was thereafter provided with the opportunity to seek legal advice, but she never did. Under these circumstances, the wife's election to proceed without counsel does not compel invalidation of the agreements (*see Marin-Brown v Brown*, 79 AD3d at 1303).

Furthermore, while the wife claims that the agreements were unconscionable because, among other things, she was not awarded maintenance, she was owed back child support, she received nothing for her interest in several parcels of real property and she was provided with no resources to pay the mortgage on the martial residence, a review of the entirety of the agreements does not reveal them to be "so one-sided as to shock the conscience" (*id.* at 1304; *see Garner v Garner*, 46 AD3d 1239, 1240 [2007]; *Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002]; *Croote-Fluno v Fluno*, 289 AD2d 669, 670 [2001]). Pursuant to the agreements, the wife received, among other things, the marital home worth approximately $891,700, a distributive award of $1,000,000, payable at the rate of $100,000 per year for 10 years, a cash payment in the amount of $273,000, health insurance coverage for 10 years, child support of $500 per week, and $5,000 towards her legal fees. The wife was also relieved of all the debts and obligations from the parties' business. The husband further assumed full health insurance coverage for the parties' children and agreed to pay 100% of their unreimbursed medical and dental expenses. Accordingly, and in noting that "[a]n unequal division of marital assets in a separation agreement is not determinative of the issues of unconscionability, fraud or overreaching" (*Croote-Fluno v Fluno*, 289 AD2d at 670), we cannot say that Supreme Court erred in determining that the wife failed to state a claim for overreaching and unconscionability.

Finally, we find that the wife "ratified the terms of the stipulation by accepting the benefits thereunder for more than a year" (*Weissman v Weissman*, 42 AD3d 448, 450 [2007], *lv denied* 9 NY3d 813 [2007]; *see Ricca v Ricca*, 57 AD3d 868, 870 [2008]; *Boyle v Burkich*, 245 AD2d 609, 610 [1997]). To the extent that the wife, for the first time in her reply brief, asserts that certain provisions of the agreements are false, void and unenforceable, such arguments are not properly before us (*see Bell v White*, 55 AD3d 1211, 1215 [2008]; *O'Sullivan v O'Sullivan*, 206 AD2d 960, 961 [1994]). The wife's remaining contentions have been considered and are found to be without merit.

Spain, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.