■ BIANCA FLIKWEERT, Respondent, v KEITH BERGER, Appellant. [54 NYS3d 744]—

Lynch, J. Appeal from an order of the Supreme Court (McDermott, J.), entered December 23, 2015 in Madison County, which denied defendant's motion to partially set aside the parties' separation agreement.

---

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1997 and have one child (born in 2003). In June 2014, the wife commenced this action for a divorce. After extensive negotiations, the parties executed a separation agreement on September 15, 2015 that addressed issues including equitable distribution, child support, custody and spousal maintenance. This appeal centers on paragraph 21 of the separation agreement concerning the wife's ownership interest in her employer, a privately held company. The wife began employment with the company in February 2012. In August 2013, the wife was awarded unvested equity incentive units by the employer. By September 2015, half of the units were vested. By its terms, the agreement specified that "[t]he wife expects to receive consideration" for her equity interest, and that she agreed to pay the husband 10% of the full value of the compensation received. The agreement further specified that the wife would "provide the [h]usband with all reasonable and necessary documents or information to value the consideration of the [o]wnership [i]nterest." By all accounts, the parties negotiated this provision given the difficulty of defining an actual value of her interest, and to account for her continued employment or separation from employment in the future.

After the agreement was signed, the wife informed the husband that the privately held company had been sold on September 1, 2015 and that she was awarded the sum of $230,000 for her equity interest. She then remitted 10% of the payment to the husband. Thereafter, the husband moved to set aside paragraph 21 and for a hearing to address the equitable distribution of the funds.* Supreme Court denied the motion and this appeal ensued.

We reverse. A core tenet of equitable distribution is a full financial disclosure by the parties (*see* Domestic Relations Law § 236 [B] [4] [a]). Contrary to the wife's argument, she had both a statutory and contractual obligation to inform the husband that the sale had occurred before the agreement was finalized on September 15, 2015 (*see* Domestic Relations Law § 236 [B] [4] [a]; *Curtis v Curtis*, 20 AD3d 653, 655 [2005]). Two disclosure provisions in the agreement come into play. As noted above, paragraph 21 specified that the wife would provide documentation or information pertinent to the value of her equity interest. Under paragraph 37, each party represented

---

* The husband represents in his brief that a judgment of divorce has not been entered and no objection was raised to the husband's raising this issue by motion instead of in a plenary action (*see* *Fermon v Fermon*, 135 AD3d 1045, 1048 [2016]).

that they "have fully and completely disclosed their finances." The disclosure obligation was a continuing one, and, while the parties appear to have agreed on the language of paragraph 21 in advance of September 15, 2015, the sale on September 1, 2015 effectively rendered that provision academic because the value had been defined.

The issue distills to whether paragraph 21 should be invalidated. "While a separation agreement will be more closely scrutinized by the courts than ordinary contracts given the fiduciary relationship between husband and wife, [it] will not be set aside unless there is evidence of 'overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it' " (*Empie v Empie*, 46 AD3d 1008, 1009 [2007], quoting *Curtis v Curtis*, 20 AD3d at 654).

In our view, the wife's withholding of the sale information was inequitable and overreaching because it undermined the negotiations as to how this marital asset should have been distributed between the parties. This was a closely held company, the wife was clearly in a position of superior knowledge over the husband as to the company's affairs and both parties acknowledged that it would have been extremely difficult to value the wife's equity interest. Paragraph 21 represented an attempt to account for the distribution of this asset in the future, the value of which was unknown to both parties. In this context, the husband could justifiably rely upon the representations made by the wife in the agreement. The actual sale on September 1, 2015 dissipated the uncertainty and resulted in a specific asset subject to equitable distribution (*compare Empie v Empie*, 46 AD3d at 1010 [offer to purchase property made after parties entered into the settlement agreement]; *Paul v Paul*, 177 AD2d 901, 901-902 [1991], *lv denied* 79 NY2d 756 [1992] [the plaintiff aware of marital assets or the defendant disclosed such items]). In our view, the wife had a duty to timely disclose this information, which was highly relevant to the parties' negotiations. As such, we conclude that paragraph 21 should be invalidated and the matter remitted to Supreme Court to solely address the appropriate equitable distribution of the funds.

Garry, J.P., Rose, Clark and Aarons, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.