Butcher v Butcher (2021 NY Slip Op 06737)





Butcher v Butcher


2021 NY Slip Op 06737


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

532398
[*1]Matthew L. Butcher, Appellant,
v
Belinda J. Butcher, Respondent.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Assaf & Siegal PC, Albany (David M. Siegal of counsel), for appellant.
Herzog Law Firm PC, Albany (Katrin E. Falco of Jean M. Mahserjian, Esq., PC, Clifton Park, of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Freestone, J.), entered October 27, 2020 in Saratoga County, which partially granted defendant's motion for, among other things, summary judgment dismissing the complaint.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in November 2017. The parties entered into a separation agreement on December 5, 2018 and were divorced in February 2019. The judgment of divorce incorporated, but did not merge, the agreement into the judgment. In July 2019, the husband commenced this action to set aside the agreement alleging that the agreement was (1) unfair and unconscionable, (2) the result of a mistake and unconscionability stemming from the wife's failure to disclose material facts, (3) the result of fraud in the inducement and mistake of law, (4) a product of coercion, (5) devoid of a recitation of material side-agreements, and (6) entered into by him while he was incapacitated. The wife answered, asserting several affirmative defenses and counterclaims, and the husband filed a reply. Thereafter, the husband served discovery demands upon the wife.
In September 2020, the wife moved for summary judgment and for a protective order as to the husband's discovery demands. The wife argued, as relevant here, that shortly after the husband advised her that he wanted a divorce, he proffered her the agreement in question, which had been prepared by his counsel, containing the terms he now seeks to vacate. The husband opposed the wife's motion, asserting that he was unaware that he was entitled to a credit for separate property funds that he had expended on improvements to the wife's separate real property or a share of the increase in value of the real property because of the improvements. Supreme Court granted the wife's motion and dismissed the complaint finding that the husband was aided by counsel when executing the agreement and expressly relinquished his rights to the real property. The court further held that the agreement was not so one-sided as to shock the conscience, nor was there sufficient evidence indicating an infirmity with the agreement or the husband's lack of capacity to enter same. The husband appeals.
Initially, the husband contends that Supreme Court did not apply the proper standard to this "motion to dismiss." We find the husband's contention to be misplaced. The wife moved for summary judgment, and we find no error by Supreme Court in treating the motion as such (see Bauch v Verrilli, 146 AD2d 835, 836 [1989]).
Turning to the merits, "[g]iven the fiduciary relationship that exists between spouses, separation agreements are more carefully scrutinized than ordinary contracts and may be set aside if the agreement's terms evidence overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it" (Curtis v Curtis, 20 AD3d 653, 654 [2005]; see Suchow v Suchow, 157 AD3d 1015, 1016 [2018], appeal [*2]dismissed 31 NY3d 1075 [2018]). However, "a separation agreement is not per se unconscionable simply because marital assets are divided unequally, because one spouse gave away more than that spouse might have been legally required to do, or because the spouse's decision to approve the agreement might be characterized as unwise" (Ruparelia v Ruparelia, 136 AD3d 1266, 1268 [2016] [internal quotation marks and citations omitted]; see Croote-Fluno v Fluno, 289 AD2d 669, 670 [2001]). Rather, to be unconscionable, the agreement must "be so one-sided as to shock the conscience" (Marin-Brown v Brown, 79 AD3d 1302, 1304 [2010]).
Here, it is undisputed that the husband presented an agreement, drafted by his attorney, to the wife for her signature. The wife, who was not represented by counsel, signed the document and the parties were divorced pursuant to it shortly thereafter. The agreement sets forth that the parties executed the same "freely and voluntarily," were fully "apprised of the legal rights that each may have," "that they clearly underst[oo]d and assent[ed] to" the terms of the agreement and that the agreement is "fair and reasonable" as to each party. It further provided that "each party has been advised of his/her right to compel discovery and inspection of the other's books and records and of his/her right to have experts investigate, appraise or evaluate the other's business and property," and that each party waived such rights to do so. Lastly, the agreement sets forth the division of the parties' assets and debts. A review of the record demonstrates that the division is not so one-sided as to shock the conscience.
"Our review of separation agreements should be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions" (Lyons v Lyons, 289 AD2d 902, 905 [2001] [internal quotation marks and citations omitted], lv denied 98 NY2d 601 [2002]). "[C]ourts should not redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided" (Empie v Empie, 46 AD3d 1008, 1009 [2007] [internal quotation marks and citations omitted]). Here, the husband had the aid and advice of independent counsel, who drafted the agreement in accordance with his wishes. "While [the husband] may have been able to negotiate a better agreement had [he] not been so anxious to quickly end this marriage, . . . the terms of the separation agreement cannot be considered manifestly unfair" (Lyons v Lyons, 289 AD2d at 905 [citation omitted]). "The fact that [the husband] gave away more than he might have been legally required to do does not make the agreement unconscionable" (Schoradt v Rivet, 186 AD2d 307, 307 [1992] [citation omitted]). In our view, the husband's allegations were insufficient to disturb the agreement (see Suchow [*3]v Suchow, 157 AD3d at 1017; Empie v Empie, 46 AD3d at 1010). The husband's remaining contentions have been reviewed and found to be unpersuasive.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.